23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 William G. CABRERA, Plaintiff/Appellant,
v.
Howard PETERS, III, et al., Defendants/Appellees.
 No. 92-4099.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided April 28, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 William Cabrera appeals the district court's grant of summary judgment in favor of the defendants in his civil rights action brought pursuant to 42 U.S.C. Sec. 1983. After reviewing the district court's decision de novo, see Hickey v. A.E. Staley Mfg., 995 F.2d 1385 (7th Cir.1993), we conclude that the court did not err in granting the defendants' motion for summary judgment and AFFIRM for the reasons stated in the attached order.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 3
 WILLIAM CABRERA, Plaintiff,
 
 
 4
 v.
 
 
 5
 HOWARD PETERS III, et al., Defendants.
 
 
 6
 No. 91 C 4479.
 
 MEMORANDUM OPINION AND ORDER
 
 7
 CONLON, District Judge.
 
 
 8
 Plaintiff William Cabrera, pro se, sues defendants Howard Peters III, Director of the Illinois Department of Corrections, James Chrans, former Warden of the Sheridan Correctional Center ("Sheridan"), James Fairman, presently Warden at Sheridan, and Robert Acosta, Assistant Warden at Sheridan (collectively "defendants") pursuant to 28 U.S.C. Sec. 1983. Cabrera, assigned to administrative detention, claims that defendants violated his constitutional rights by both denying him privileges afforded to inmates housed in general population and providing inadequate legal assistance. Cabrera, in short, challenges the conditions of his confinement. Cabrera seeks injunctive and declaratory relief; he also seeks compensatory and punitive damages. Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56.
 
 BACKGROUND
 
 9
 Cabrera, originally incarcerated at Stateville Correctional Center ("Stateville") and then transferred to Sheridan, currently is incarcerated at the Danville Correctional Center ("Danville"). Defendants' Local Rule 12(m) Stmt. of Undisputed Facts ("Defendants' Facts") at paragraphs 1-3. Following a finding by a prison disciplinary board that Cabrera had participated in an attack upon a prison guard who subsequently died, Cabrera was placed in administrative detention at Stateville. Id. at p 9; Ex. B. Upon transfer to Sheridan, Cabrera, classified as maximum security, was assigned to a single-person cell within the prison's segregation unit. Id. at p 10; Acosta Aff. at p 8.
 
 
 10
 Although no longer incarcerated at Sheridan, Cabrera seeks redress for alleged constitutional violations that occurred during the eleven months that he spent at the prison. Cabrera implicitly alleges that the conditions of his previous confinement constituted cruel and unusual punishment in abrogation of the Eighth Amendment. Cabrera implies that the conditions of his confinement are far less privileged than those of inmates housed in general population. Complaint at p 4. Cabrera presents a specific list of grievances to support his claim. Cabrera contends that his cell, which allegedly contained insects, lacked electrical outlets and proper ventilation. Id. at paragraphs 5, 13-16. In addition, Cabrera argues that prison officials denied him proper recreation, access to legal materials, and certain hygienic items. Id. at paragraphs 6-10. Cabrera also finds fault with the physical conditions existing in the visitor's area within the segregation unit. Id. at paragraphs 18-23. He contends that the visitor's area is hot, dirty, and uncomfortable both for himself and for his visitors. Id. at p 18.
 
 
 11
 Cabrera's cell lacked electrical wall outlets until December 1991. Defendants' Facts at p 11. His cell contained a window, which Cabrera could open two inches; exterminators sprayed for insects once each month. Cabrera Dep. at 22-25; Acosta Aff. at p 14. Cabrera was allowed to see visitors for two hours every month. Defendants' Facts at p 14; Acosta Aff. at paragraphs 15-16; Complaint at p 21. Because of Cabrera's high-risk security classification, visits occurred in the administrative segregation visiting area. Acosta Aff. at p 15. While at Sheridan, Cabrera apparently requested that prison officials allow him outdoor recreation for one hour, five days a week. Complaint at p 6. Cabrera was allowed two and one-half hours of outdoor recreation twice each week. Id.; Defendants' Facts at p 12. Cabrera was allowed to shower twice each week. Defendants' Facts at p 13; Cabrera's Dep. at 13. For security reasons, Cabrera was not allowed personally to possess items such as lotion, shampoo, and oils; prison officials allowed him to use these items each time he showered. Acosta Aff. at p 11; Cabrera Dep. at 17.
 
 
 12
 In addition, law clerks visited Cabrera's unit three times each week. Cabrera Dep. at 18. The clerks provided Cabrera and other inmates with case citations. Id. at 18-19. Inmates could then obtain photocopies of requested cases after submitting a fee for the copies; library officials returned the copy fee when the inmate returned the photocopied case. Id.
 
 DISCUSSION
 
 13
 Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If the non-moving party fails to make a sufficient showing on an essential element of his case, on which he would bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party, however, has the burden of establishing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). As the non-moving party, Cabrera may avert summary judgment by showing that there exist specific facts that would present a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Cabrera may not rely solely on the pleadings to rebut a proper showing that no genuine issue of material fact exists. Celotex, 477 U.S. at 324. He must present fresh proof--through affidavits, depositions, answers to interrogatories, and admissions--to counter a properly established absence of material fact. Id.
 
 
 14
 The court must view all reasonable factual inferences in Cabrera's favor. Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir.1989). Any material fact set forth by the moving papers and not controverted by the opposing papers is deemed admitted. Local Rule 12(n). Although pro se complaints enjoy a liberal interpretation, a pro se litigant does not escape the essential burdens necessary to avert summary judgment. Brown v. Crawford, 906 F.2d 667, 670 (11th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2056 (1991). Defendants have informed Cabrera that he must submit evidence to rebut their motion for summary judgment. Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). Cabrera has submitted no evidence to rebut defendants' moving papers. It is clear that Cabrera could not prevail on his claims.
 
 
 15
 The Eighth Amendment governs a prisoner's condition of confinement. Bell v. Wolfish, 441 U.S. 520 (1979). Prisoners housed in administrative segregation cannot complain about the conditions of their confinement unless they are deprived of the "minimal civilized measure of life's necessities." Meriwether v. Faulkner, 821 F.2d 408, 416 (7th Cir.1987), cert. denied, 484 U.S. 935 (1987). Cabrera, by his own admission, has not been so deprived. Although Cabrera decries the conditions of his previous confinement, the conditions do not constitute cruel and inhuman punishment in violation of the Eighth Amendment.
 
 
 16
 Cabrera would have preferred five hours exercise spread over five days rather than spreading the five hours over only two days. Cabrera's preference does not enjoy constitutional status. See Davenport v. De Robertis, 844 F.2d 1310, 1315 (7th Cir.1988), cert. denied, 488 U.S. 908 (five hours exercise usually required). Similarly, Cabrera was allowed to shower twice each week (with toiletries provided by prison officials); one more shower than minimally necessary. Id. at 1316. The absence of electrical outlets--a condition that prevented Cabrera from using audio or visual equipment in his cell--does not represent a constitutional deprivation. Deprivation of "cultural amenities"--such as electronic gadgets--is not cruel and unusual punishment. See Id.; Harris v. Fleming, 839 F.2d 1232, 1235-37 (7th Cir.1988). Cabrera was housed in a cell with a functioning window. And though fresh air may have been limited, the opened window provided ventilation--however imperfect. Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir.1987) (reasonably adequate ventilation required).
 
 
 17
 Cabrera enjoyed visitation rights even though not in a most comfortable setting. Contrary to his intimation, the constitution affords Cabrera neither soft-cushioned chairs, vending machines, air conditioning, nor pleasant company when he receives visitors. See Meriwether, 821 F.2d at 416. Indeed, it is questionable whether the Illinois state statute that governs prison visitation even creates a constitutional right to visitation, let alone comfortable visitation. Mayo v. Lane, 867 F.2d 374, 376 (7th Cir.1989).
 
 
 18
 Cabrera complains that he was provided inadequate legal assistance while incarcerated at Sheridan. Sheridan's designated "law" clerks, Cabrera argues, were not properly tutored in the law and often provided Cabrera with incorrect cases or case citations. Complaint at paragraphs 8-10. The constitution requires that Sheridan provide inmates with either consultation by legally trained assistants or a law library. Williams v. Lane, 851 F.2d 867, 878 (7th Cir.1988). While it is uncertain whether Sheridan's clerks were "legally trained," there is no question that Sheridan had established a law library. And Cabrera's access to the library was not hampered: he was allowed to obtain photocopied cases upon submission of a copying fee, a fee that was refunded upon return of the copied cases. Cabrera Dep. at 18-19.
 
 
 19
 When viewed in a light most favorable to Cabrera, the conditions of his confinement would not support a reasonable verdict in his favor. Because those conditions fall short of constitutional deprivation, defendants are entitled to judgment as a matter of law.
 
 CONCLUSION
 
 20
 Defendants' motion for summary judgment is granted. Judgment is entered for defendants Howard Peters III, James Chrans, James Fairman, and Robert Acosta, and against plaintiff William Cabrera.
 
 
 21
 December 10, 1992.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record