Arthur LEWIS, Plaintiff-Appellant,

v.

Gordon H. FAULKNER, et al.,
Defendants-Appellees.

No. 80–2198.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 11, 1982.

Decided Aug. 25, 1982.

Richard Lee Owen, III, Michigan City, Ind., for plaintiff-appellant.

Kermit R. Hilles, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellees.

Before PELL, BAUER, and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This appeal raises a recurrent issue in prisoners' civil rights litigation: the responsibility of the trial judge to advise a prisoner not represented by counsel of the consequences of failing to respond to a motion for summary judgment supported by affidavits.

On April 8, 1980, the plaintiff, who is a prisoner at an Indiana state prison, filed a *pro se* complaint under 42 U.S.C. § 1983 against an official and employees of the prison, alleging that they had denied him due process of law during a disciplinary proceeding against him. On June 20, the defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative for summary judgment. Attached to the motion was an affidavit that contradicted several of the facts alleged in the complaint. Nowhere in the motion papers, however, was there any indication of the consequence to the plaintiff of his failing to counter the defendants' affidavit with affidavits of his own—the consequence being that the facts asserted in the defendants' affidavit would be taken as true if the motion was treated as one for summary judgment. See Rule 56(e); *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). The motion papers do not even cite Rule 56.

The plaintiff presumably received the motion shortly after it was filed (the affidavit of service states that it was mailed the same day), though the record does not indicate when. He did not respond, and there was no hearing on the motion and no communication to the plaintiff concerning it from the defendants or the district judge until July 28, when the judge granted the motion and dismissed the complaint in an opinion that relied heavily on the affidavit that had been submitted with the motion. The plaintiff has appealed, arguing that he was entitled to notice of the consequences of failing to respond to the motion.

Rule 56 does not say in so many words that the judge should give the opposing party a reasonable opportunity to submit counter affidavits to those of the movant; but the implication is unmistakable, especially in subsection (f), which states: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Moreover, Rule 12(b) provides that if on a motion to dismiss for failure to state a claim, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." We cannot believe that the draftsmen of the Federal Rules intended a summary judgment opponent to have a reasonable opportunity to present factual materials only when the motion was captioned as a Rule 12(b)(6) motion—which as a matter of fact the motion in this case was.

■ We think it is therefore a fair inference from the rules themselves, irrespective of any implications of the due process clause of the Fifth or Fourteenth Amendments, that a district court cannot properly act on a motion for summary judgment without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion and demonstrate that there is a genuine issue of material fact which precludes granting the defendants summary judgment. As the plaintiff in this case received the motion and must have

had at least a month to respond to it—if only by requesting an extension of time to file counter affidavits—he had an *opportunity* to respond to the motion. But bearing in mind that he is a prisoner without assistance of counsel we do not think he had a reasonable opportunity, for in moving for summary judgment the defendants as we have said failed even to cite Rule 56, much less to indicate the disastrous consequence to an opposing party of not responding to such a motion. A reasonable opportunity presupposes notice. Mere time is not enough, if knowledge of the consequences of not making use of it is wanting.

The lack of explicit notice would not be troubling if it were obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial. But this aspect of federal civil practice is contrary to lay intuition, which is that the first step in a civil litigation is the filing of a complaint, the second the filing of an answer, and the third the trial of the case. The defendants here filed no answer. Their first pleading was the motion. It would not be realistic to impute to a prison inmate (unless, like the "former law professor" of whom this court spoke in *Maclin v. Freake,* 650 F.2d 885, 888 (7th Cir. 1981) (per curiam), the prisoner has legal training) an instinctual awareness that the purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial. We credit the plaintiff with knowing that if his case was tried and he failed to present evidence he would lose. This much he should know without having read the Federal Rules of Civil Procedure. But we do not think he can be charged with the further knowledge that a failure to offer affidavits when his opponent files something called "Motion To Dismiss, Or In The Alternative, For Summary Judgment" is an equivalent default.

Since few prisoners have a legal background, we think it appropriate to lay down a general rule that a prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment. Such a rule, already adopted in two other circuits, see *Hudson v. Hardy,* 412 F.2d 1091, 1094 (D.C. Cir. 1968), and *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), is a natural evolution of our own frequently expressed concern with this problem. See, e.g., *Madyun v. Thompson,* 657 F.2d 868, 876–77 (7th Cir. 1981). It goes without saying that the rule applies with equal force when affidavits are submitted in support of a motion to dismiss under Rule 12(b)(6). Indeed, applied to such a motion our new rule has a firmer basis in the text of the Federal Rules than it has as applied to Rule 56 motions proper, since as noted earlier Rule 12(b) explicitly requires a "reasonable opportunity" for the opponent to counter the movant's affidavits. However, for the reasons stated earlier we are satisfied that the same requirement is implicit in Rule 56, and hence that the rule we announce today is a proper interpretation of Rule 56 in the special circumstances presented by prisoner civil rights litigation. We leave for another day the possible extension of our new rule to other classes of *pro se* civil litigants, including applicants for habeas corpus.

We are naturally reluctant to impose additional duties on our overburdened district courts. But we trust that counsel for the defendants in prisoner civil rights cases in this circuit will lift this new burden from the judges' shoulders, by henceforth including in any motion for summary judgment in a case where the plaintiff is not assisted by counsel a short and plain statement that any factual assertion in the movant's affidavits will be accepted by the district judge as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion. The text of Rule 56(e) should be part of the notice, but in addition to rather than instead of the statement in ordinary English that we are requiring.

If counsel for defendants fail to provide the required information it will be the district judge's responsibility to do so, but we hope this will rarely be necessary. Most defendants in prisoners' rights cases in this circuit are represented by one of the three state attorneys general in the circuit, who we are sure will cooperate in implementing the new rule with minimum inconvenience to our harassed district judges.

The judgment of the district court entered on the defendants' motion for summary judgment is vacated and the case remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.