**James HILL, Jr., Plaintiff,**

v.

**CHIEF OF POLICE OF the HAMMOND POLICE DEPARTMENT, et al., Defendants.**

**No. H82–109.**

United States District Court,
N.D. Indiana,
Hammond Division.

April 8, 1983.

James Hill, Jr., pro se.

John R. Stanish, Hammond, Ind., for defendant Chief of Police of the Hammond Police Dept.

### ORDER

MOODY, District Judge.

This cause is now before the Court on a Motion for a Summary Judgment filed with supporting affidavits by the defendant on March 25, 1983 pursuant to Rule 56(b), Fed.R.Civ.P. To date the plaintiff, who is proceeding *pro se,* has filed no response in opposition to the motion. This cause is now set for trial on Monday, June 4, 1984 as a seventh setting.

Rule 56(e), Fed.R.Civ.P., provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in the rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for

trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, in a case such as the one at bar, where a movant's affidavits are uncontroverted by affidavits or other documentary evidence submitted by the adverse party the court will ordinarily accept as true the factual assertions in the movant's affidavits and will grant the motion for summary judgment. However, where the plaintiff is proceeding *pro se,* this court is bound by the decision of *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), to notify the *pro se* litigant of the consequences of a failure to respond with affidavits to a motion for summary judgment. Although the plaintiff in the *Lewis* case was a prisoner and the *Lewis* court leaves open the question of extending its decision to other *pro se* civil actions, we see no difference between the various classes of *pro se* litigants in declining to charge them with knowledge of the consequences of failing to so respond to either a Rule 56 or Rule 12(b)(6) motion. 689 F.2d at 102. Therefore, the plaintiff will be given additional time in which to respond to the defendant's motion for summary judgment by filing affidavits of his own showing that there remain genuine issues for trial in this case.

Accordingly, the court now ORDERS that the plaintiff respond within fifteen (15) days from receipt of this order to the defendant's Motion for Summary Judgment by submitting a written response in opposition to the same with supporting affidavits. Thereafter, the defendant will be given five (5) days in which to reply to the same. The court will then proceed to rule accordingly on the pending motion.