### Gary BURRIS, Plaintiff,

v.

### Officer Jay KIRKPATRICK, Jack Duckworth, Edward Cohn, and Robert Bronnenberg, Defendants.

### No. S 83–190.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 2, 1983.

Gary Burris, pro se.

Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, Ind., for defendants.

### MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 by an inmate at the Indiana State Prison in Michigan City, Indiana, against various correction officials thereat. The matter is presently before this court on defendants' motion for summary judgment.[1]

---

1. Originally filed as a motion to dismiss on July 11, 1983, the motion to dismiss was ordered converted to a motion for summary judgment on July 12, 1983, because the motion to dismiss was supported by an affidavit. In accord with the dictates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982), plaintiff was admonished to respond to said motion for summary judgment

The underlying facts in this case are, surprisingly enough, not in dispute. Plaintiff alleges, and the defendants have not controverted, that he was inadvertently drenched with a bucket of hot water while sitting in his death row cell. The corrections officer who threw the water into the cell, defendant Kirkpatrick, was aiming for plaintiff's cellmate, with whom Officer Kirkpatrick had had a "disagreement" only moments before. This lawsuit is, therefore, the outcome of Officer Kirkpatrick lacking the unerring eye of a William Tell.

The gravamen of plaintiff's complaint is that his Fifth, Eighth, and Fourteenth Amendment rights, as well as a hodgepodge of State constitutional and statutory rights,[2] were violated by Officer Kirkpatrick's action. The defendants contend that the incident was an unfortunate consequence of an otherwise necessary act of Prison discipline.

At the outset, it should be noted that the defendants have moved to dismiss as party defendants all but Officer Kirkpatrick, for the reason that nothing has been alleged against defendants Duckworth, Cohn, and Bronnenberg. The plaintiff has acquiesced in that motion in his Motion in Response [sic] to Defendant's [sic] Motion to Dismiss. Accordingly, defendants Duckworth, Cohn, and Bronnenberg are hereby ORDERED DISMISSED from this action.

In addition to the dismissal of these three party defendants, it is axiomatic that *state* constitutional and statutory rights do not per se necessarily state a federally cognizable claim under 42 U.S.C. § 1983. Accordingly, the allegations of state constitutional and statutory rights deprivations will not be addressed further.

Turning now to an examination of the merits of plaintiff's claim, it is unclear just how the Fifth Amendment fits into this action. Plaintiff has stated no legal basis for said claim, and the defendants failed to address it. There appearing no cognizable Fifth Amendment violation herein, this court turns now to the remaining claims, viz., alleged violations of plaintiff's Eighth and Fourteenth Amendment rights.

On the face of the plaintiff's pleadings, it is clear that he has stated at least a prima facie case for a possible violation of both his right to be free from cruel and unusual punishment and a possible deprivation of an as yet unspecified substantive right protected by the Fourteenth Amendment. Unfortunately, the defendants' pleadings all but ignore the substantive federal law on the Eighth and Fourteenth Amendments, as developed under 42 U.S.C. § 1983.[3] Accordingly, the record is insufficiently developed at this stage to determine whether the incident complained of was appropriate, necessary, or routine. Based on that fact, coupled with a preference to err on the side of caution, this court finds the existence of a genuine issue of material fact present, thereby precluding the granting of summary judgment.

The defendants' motion for summary judgment is DENIED. This cause will go forward on the hearing set for December 29, 1983, at the Indiana State Prison. SO ORDERED.

pursuant to F.R.Civ.P. 56(e), and did so reply on September 29, 1983.

2. Specifically, Ind. Const. Art. I, §§ 1, 15, 16, 18; Ind.Code §§ 11-8-2-8(c), -4-8, -11-5-4, -6-1(a)(3).

3. For example, defendants contend that the use of hot water on inmates already secured in their cells is analogous to a similar use of mace, citing a 1971 district court decision. This court finds more compellingly persuasive the reasoning set forth in *Soto v. Cady,* 566 F.Supp. 773 (E.D.Wis.1983), wherein the court held that the use of mace to "discipline" prisoners already secured in their cells constitutes a violation of their Eighth Amendment rights. *Id.,* at 779–80.