28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Darrell B. McNARY, Plaintiff/Appellant,
v.
INDIANA STATE PRISON, et al. Defendants/Appellees.
 No. 93-2302.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided July 11, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge**.
 
 ORDER
 
 2
 Darrell McNary, an inmate at the Indiana State Prison, filed an action pursuant to 42 U.S.C. Sec. 1983 against various prison officials. McNary alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from assault by another inmate, Lamoine Oliver. McNary appeals from the grant of summary judgment in favor of the defendants, specifically challenging the district court's action in granting summary judgment for the defendants at a time when the defendants had not responded to his discovery requests.
 
 
 3
 In opposing summary judgment, McNary filed an affidavit contesting "all of the defendants claims." He also requested that the court "deny or either stay" its decision on summary judgment pending completion of discovery. (R. at 30). At the time of McNary's response to summary judgment, the defendant's response to McNary's discovery requests were not yet due. Subsequently and prior to the due date of the responses to the discovery requests, the defendants filed a request for a protective order precluding further discovery pending a ruling on their summary judgment motion. (R. at 34) Although McNary failed to respond, the court denied the defendants' request. (R. at 35). The defendant's presumably never answered the discovery requests and forty days later the court granted summary judgment in favor of the defendants. (R. at 37).
 
 
 4
 On appeal, McNary contends that the district court erred in ruling on defendants' motion for summary judgment while discovery was still pending. If McNary wanted compliance with outstanding discovery, however, he should have submitted a Rule 56(f) affidavit in order to secure such additional discovery. Chicago Florsheim Shoes v. Cluett, Peabody & Co., 826 F.2d 725, 727 (7th Cir.1987). Because McNary failed to move for a continuance to obtain discovery under Rule 56(f), we cannot conclude that the district court abused its discretion in proceeding to rule on defendants' motion for summary judgment. Id.[1]
 
 
 5
 McNary also asserts that he was not advised by the district court of the requirements of Federal Rule of Civil Procedure 56. McNary is correct. The district court did not advise him of his rights in opposing summary judgment. However, counsel for the defendants did advise him in a manner that fully satisfies the requirements of Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982).
 
 
 6
 After reviewing the order of the district court granting summary judgment for defendants on the merits of their motion, we conclude that summary judgment was correctly entered in this case. For these reasons and those stated in the opinion of the district court, we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 **
 The Honorable Robert A. Grant, of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Even if McNary's affidavit had been construed by the district court as a motion under Rule 56(f), the mere filing of such motion does not automatically stay the proceedings on the underlying motion for summary judgment. Gieringer v. Silverman, 731 F.2d 1272, 1280 (7th Cir.1984). As long as the district court has not disposed of the Rule 56(f) motion, McNary "should have known that the pending summary judgment motion was amenable to disposition." Id. The motion for summary judgment was adjudicable. Id