57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Elijah PARKER-BEY, Plaintiff/Appellant,
v.
Thomas ROTH and James Schomig, Defendants/Appellees.
 No. 94-1929.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 8, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 Elijah Parker-Bey, Walter Parker, and Kenneth Parker were inmates at Stateville Correctional Center, Illinois, in July of 1991 when a riot occurred in their cell-block. They claim that the prison officials' efforts to quell the riot inflicted cruel and unusual punishment on the inmates in violation of the Eighth Amendment and seek compensatory and punitive damages. 42 U.S.C. Sec. 1983. The district court granted summary judgment for the prison officials and only Parker-Bey appeals. We affirm.
 
 I. Background
 
 2
 On July 13, 1991, an inmate at Stateville Correctional Center stabbed a corrections officer in cell-block F. The inmate was shot and killed by another officer, and a prison riot ensued. Inmates fought with corrections officers and set fire to the watch tower at the center of the cell-block. Prison officials ordered a lockdown; the cells locked electronically, and so those prisoners in their cells at this time were locked in and those outside of their cells were locked out. The officer in the watch tower fired tear gas at the rioting inmates and escaped from the tower. The cell block, which was enclosed, quickly filled with the tear gas and smoke from the burning tower. State police officers and riot police were brought in to quell the disturbance. Over the next few hours, the fire was extinguished and all the inmates were returned to their cells. The prison officials made attempts to ventilate the cell-block, but the prisoners remained in lockdown in their cells. Allegedly, residual amounts of the tear gas and smoke remained in the cell block for the next few days.
 
 
 3
 Parker-Bey and two others filed suit against the prison officials, claiming that the inmates' exposure to tear gas and smoke violated the Eighth Amendment. They claim that the inmates' rights were violated because prison officials left toxic and flammable materials unsecured in the cell-block, which allowed rioting inmates to start the fire; the back-door to the cell area was chained, which hindered the firemen's access to the watch tower; and the officials failed to provide or establish regular fire-drills. The district court granted summary judgment for the prison officials. Parker-Bey appeals.
 
 II. Analysis
 
 4
 Under the Eighth Amendment's prohibition against cruel and unusual punishment, the judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The district court concluded that the actions of the prison officials warranted summary judgment in their favor. On appeal, Parker-Bey does not challenge the merits of this decision, but instead argues that the district court erred in not granting his discovery requests. Following King v. Cooke, 26 F.3d 720, 726 (7th Cir.1994), we must therefore conclude that Parker-Bey has waived an argument on the merits of the summary judgment decision.
 
 
 5
 Parker-Bey does not dispute the merits of the district court's decision to grant summary judgment, but rather challenges the district court's decision to deny his discovery requests. We will not reverse district court decisions regarding discovery absent a clear showing of an abuse of discretion. Jurcev v. Central Community Hospital, 7 F.3d 618, 627 (7th Cir.1993); Ross v. Black & Decker, Inc., 977 F.2d 1178, 1185 (7th Cir.1992). In Parker-Bey's case, the district court did not abuse its discretion. The prison officials attached a statement of uncontested facts to their motion for summary judgment and complied with Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), by informing Parker-Bey of the effect of a motion for summary judgment and instructing him how to respond. Parker-Bey declined to do so. The uncontested facts were drawn from Parker-Bey's complaint and from depositions taken from the inmates. The district court did not abuse its discretion in denying Parker-Bey's discovery requests and ruling on the motion for summary judgment. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record