105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard Michael CORKHILL, Plaintiff-Appellant,
v.
David PASCHALL, Major, and George E. Cox, Captain,
Defendants-Appellees.
 No. 96-1575.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 19, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Richard Corkhill brought suit pursuant to 42 U.S.C. § 1983 against Major David Paschall for false arrest and against Captain George Cox for defamation. Paschall, a member of the Marion County Sherriff's Department, and Cox, an officer with the Indianapolis Police Department, were both involved in providing security at the Indianapolis City-County Building. In 1995 Paschall and another officer arrested Corkhill there for public intoxication. Defendants moved for summary judgment. In a supporting affidavit, Paschall asserted that he believed Corkhill to be intoxicated at the time of arrest based on his slurred speech, red eyes, breath odor, and disturbed gait. Cox averred that he was not involved in the arrest; the defamation complaint appears to originate from Cox allegedly having told Mary Gasby (apparently an employee of the Governor) on another occasion that Corkhill was armed and had threatened a judge.
 
 
 2
 Despite notice pursuant to Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), Corkhill failed to oppose the summary judgment motion with sworn facts. Instead, he reiterated his general allegations against the defendants and others he suspected of interfering in a civil action he had brought in a state court located in the City-County Building. The district court held that the facts alleged by Paschall clearly demonstrated that he had probable cause to arrest Corkhill, and that Corkhill's failure to oppose the affidavit with sworn facts created no genuine dispute of material fact to withstand summary judgment. As for the defamation claim, the district court noted that defamation is simply not actionable under section 1983. See Paul v. Davis, 424 U.S. 693 (1976); Dishnow v. School Dist., 77 F.3d 194, 199 (7th Cir.1996).
 
 
 3
 On appeal, Corkhill does not advance any coherent reason to question the sound judgment of the district court. Accordingly, its judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)