**Nilima MEHRA, Plaintiff–Appellant,**

v.

**GUARANTY BANK, Defendant–Appellee.**

No. 02–2400.

United States Court of Appeals, Seventh Circuit.

Submitted April 1, 2003.*

Decided April 23, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

**ORDER**

Acting pro se, Nilima Mehra filed a complaint in federal court claiming that her former employer Guaranty Bank fired her because she is Indian, over fifty years of age, and suffers from depression. Guaranty rejoined with a motion for summary judgment alleging that in the Spring of 1999 Mehra began exhibiting bizarre and perhaps paranoid behavior. For example, she telephoned Fred Krenzke, Guaranty's Director of Security, and informed him that her ex-husband had bugged her phones, was trying to harm her, and had killed their daughter, who had died in 1995. After some investigation, Krenzke concluded that Mehra's fears were unfounded. Then in March 1999, Mehra accused another employee of hitting her in the back while they were working alone at the bank. Krenzke reviewed the bank's security videotapes and reported to Guaranty personnel officials that Mehra's accusation was false. Repeated incidents such as these, claimed Guaranty, along with other factors more mundane—like Mehra's history of tardiness, difficulty getting along with co-workers, and relatively low productivity—led to her eventual termination.

Mehra did not contest most of Guaranty's assertions despite a warning included in Guaranty's motion that she must respond lest the assertions be taken as fact. *See Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). Relying on the uncontested assertions and presiding with the parties' consent, *see* 28 U.S.C. § 636(c), Magistrate Judge William Callahan granted summary judgment for the bank. Regarding Mehra's age-discrimination claim, the judge

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

held that Mehra had no evidence tending to show that Guaranty fired her because she was over fifty rather than because of her erratic and disruptive behavior. Regarding Mehra's hostile-work-environment claim, the judge found rude but legally irrelevant the isolated comments—that Mehra had a "ghetto booty" and was the branch's "Cinderella"—which Mehra cited as evidence that she was harassed because of her nationality. Finally, regarding Mehra's claim that Guaranty had discriminated against her on the basis of her depression, the judge noted that Mehra had failed to include this disability-discrimination claim in her original filings before the Equal Rights Division of the Wisconsin Department of Workforce Development. With the federal core of the case thus disposed, Judge Callahan declined to exercise supplemental jurisdiction over a state-law defamation claim that Mehra had included in her federal complaint.

Mehra appeals, but her appellate brief consists primarily of irrelevant commentary and rhetorical questions like "Why does Federal Courts [sic] believe Guaranty Bank? Why am I not BELIEVABLE?" Notably absent are citations to case law and cogent legal argument. Indeed, Mehra provides us no reason to disturb Judge Callahan's considered judgment beyond her oft-stated belief that Guaranty is "covering up the whole incident and creating stories to justify the reasoning when in reality the TRUTH is else." Even pro se litigants must articulate some claim of error in the dispositions they ask us to review, *see* Fed. R.App. P. 28; *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001) (collecting cases); failure to do so results in dismissal of the appeal.

DISMISSED.