NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2007
Decided April 26, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2816

| | |
|---|---|
| JAMES T. LOCKHEART, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division |
| *v.* | |
| | No. 95 C 343 |
| OFFICER JOHN DRAPIEWSKI, | |
| OFFICER JOHN A. MACIEJEWSKI, | Samuel Der-Yeghiayan, |
| SR., OFFICER CHRISTOPHER | *Judge.* |
| STRAHLMAN, et al., | |
| *Defendants-Appellees.* | |

**O R D E R**

In this lawsuit under 42 U.S.C. § 1983 and state law, James Lockheart contends that Chicago police officers assaulted him and tried to frame him for armed robbery. The district court granted summary judgment for the officers, and we affirm.

The facts leading to Lockheart's encounter with the police are not in dispute. In February 1993, a black male wielding a screwdriver accosted Theresa Wojnarowski in the parking lot of the Driftwood Restaurant, where she worked.

When a passerby saw the attack and yelled, the assailant dropped his screwdriver and a set of keys and ran. Wojnarowski picked up the screwdriver and keys and went into the restaurant. Lockheart, who is black, entered the restaurant a short time later and sat at the bar. Wojnarowski saw him there and identified him as her assailant. Her coworkers quietly summoned the police, but when a patron thought she saw Lockheart reaching for the keys Wojnarowski had found in the parking lot and left on the bar, employees restrained Lockheart and held him for the police. Sergeant John Drapiewski and Officer John Maciejewski, Sr., arrived at the restaurant and arrested Lockheart for attempted aggravated sexual assault. Wojnarowski also signed a complaint for armed robbery after the officers reportedly searched the restaurant parking lot and found her purse, its scattered contents, a $20 bill, and another screwdriver.

Lockheart was charged with attempted aggravated sexual assault and armed robbery. At his May 1994 trial, the state was unable to produce the two screwdrivers or the keys, and Sergeant Drapiewski testified that he caused them to be destroyed by mistake. The jury acquitted Lockheart of armed robbery but found him guilty of committing the attempted sexual assault. That conviction was overturned on direct appeal, and a second trial ended with a hung jury. A third trial in October 1998 resulted in a guilty verdict, and this time Lockheart's conviction and 30-year prison term were upheld on direct appeal. *People v. Lockheart*, 835 N.E.2d 994 (Ill. App. Ct. 2002), *petition for leave to appeal denied*, 787 N.E.2d 178 (Ill. 2003). Lockheart, who represented himself throughout the criminal case, remains in prison. *See Lockheart v. Hulick*, 443 F.3d 927 (7th Cir. 2006).

Meanwhile, Lockheart brought this action in January 1995. In his initial complaint he named as defendants Drapiewski, Maciejewski, and a third officer identified as "Chris Strawmen." A second amended complaint filed by appointed counsel in February 2000 changed the third name to "Christopher Strolman." Lockheart really intended to name Officer Christopher Strahlman, who was not served until May 2000. In the second amended complaint—Lockheart's last—he alleged that Drapiewski and Maciejewski assaulted him during his arrest and then planted the second screwdriver and a $20 bill in the restaurant parking lot to support a fabricated charge of armed robbery. They did this, according to Lockheart, because he is black and because they knew that Wojnarowski was the sister-in-law of a fellow police officer, Strahlman. Lockheart also alleged that Drapiewski and Maciejewski later destroyed the keys and screwdrivers because they knew that investigation would show that the keys dropped by the assailant did not belong to him. Finally, Lockheart alleged that Strahlman came to the police station after his arrest and assaulted him. The district court concluded that these allegations raised a Fourth Amendment claim of excessive force against Drapiewski

and Maciejewski, a like claim against Strahlman, and a supplemental state-law claim of malicious prosecution against Drapiewski and Maciejewski.

The case languished, mostly because Lockheart wanted it stayed while his state criminal case continued. Finally in September 2004 the three officers moved for summary judgment. Along with their motion they submitted a Statement of Undisputed Facts denying that Lockheart had been abused in any way. The district court gave Lockheart notice that the officers' version of events would be deemed admitted if not contested. *See* N.D. Ill. Loc. R. 56.1; *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Lockheart filed a response generally disputing the officers' statements, but without specific cites to the record. In February 2005 he moved for a one-month extension of time in order to file an additional response. Lockheart submitted his further response without waiting for court approval, but once again he generally disagreed with the officers' statements without pointing to any record evidence supporting his claims.

In granting summary judgment, the district court concluded that Lockheart filed his claims of excessive force outside the applicable two-year statute of limitations. The court added that Lockheart had not properly challenged the officers' Statement of Undisputed Facts, and so he effectively admitted that only necessary force was used during and after his arrest. The court also held that Lockheart's supplemental state-law claim for malicious prosecution failed as a matter of law. The court reasoned that Drapiewski and Maciejewski had probable cause to arrest Lockheart for armed robbery based on the complaint made by Wojnarowski, and that probable cause is a complete defense under Illinois law to a claim of malicious prosecution.

On appeal Lockheart argues that the district court erred in holding that his Fourth Amendment claims were time-barred, and in granting summary judgment for Drapiewski and Maciejewski on his claim of malicious prosecution. Our review is *de novo, see Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006*)*, and we may affirm a grant of summary judgment on any basis fairly supported by the record, *Hill v. Am. Gen. Fin., Inc.*, 218 F.3d 639, 642 (7th Cir. 2000). Here, regardless of whether Lockheart's claims were timely, he presented the district court with no evidence to support them. According to the officers' undisputed statements, they used only reasonable force while arresting him and did not assault him after he was in custody. As such, Lockheart's excessive-force claims necessarily fail. Additionally, the officers had probable cause to arrest him because Wojnarowski identified Lockheart as her attacker. The existence of probable cause defeats a claim of malicious prosecution under Illinois law. *See Mannoia v. Farrow*, 476 F.3d 453, 459 (7th Cir. 2007); *Johnson v. Target Stores, Inc.*, 791 N.E.2d 1206, 1225 (Ill. App. Ct. 2003). The district court therefore was required to grant summary

judgment in favor of the officers. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).

AFFIRMED.