NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2007[*]
Decided October 2, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4343

MICROSOFT CORPORATION,
    *Plaintiff-Appellee,*

    *v.*

ALEKS RECHANIK,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District of
Illinois, Eastern Division

No. 04 C 7687

James B. Moran,
*Judge.*

**O R D E R**

Microsoft Corporation sued Aleks Rechanik and the corporation he runs, Era Soft, for infringing Microsoft's copyrights and trademarks by selling counterfeit Microsoft products. The district court granted summary judgment in favor of Microsoft, and only Rechanik appeals. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

Rechanik is in the business of selling low-priced computer software, including software produced by Microsoft. One of the ways that he is able to keep prices low is by purchasing software at the lowest possible price without asking questions about whether it is counterfeit. Microsoft first caught on to Rechanik's business practices in 1999 and sent a cease-and-desist letter to Rechanik and his Ohio corporation, Altim International Trading Co., asking that they stop distributing counterfeit products. Microsoft sued them when they failed to comply, and a district court in Ohio awarded Microsoft $980,000 in damages plus attorneys' fees and entered a permanent injunction prohibiting Rechanik and Altim from infringing Microsoft's copyrights. *Microsoft Corp. v. Rechanik*, No. 1:99CV0965 (N.D. Ohio Mar. 3, 2000).

Rechanik quickly regrouped in Illinois and opened another software sales business, Era Soft. Rechanik is Era Soft's sole shareholder and officer, and is one of its two employees. Microsoft sent investigators to purchase purported Microsoft software from Era Soft and soon learned that Rechanik was once again infringing its copyrights and selling counterfeit Microsoft products, so it sent Rechanik and Era Soft a cease-and-desist letter. When they continued to sell counterfeits, Microsoft brought suit alleging that Rechanik and Era Soft (1) infringed Microsoft's copyrights in violation of the Copyright Act, 17 U.S.C. § 501; (2) infringed Microsoft's trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(1); (3) wrongfully used Microsoft's logos and imitation logos in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (4) engaged in unfair competition and deceptive business and trade practices, in violation 815 ILCS 505/1, 815 ILCS 510/1, and Illinois common law.

Microsoft moved for summary judgment and submitted evidence showing that, on four occasions, Rechanik and Era Soft sold some combination of counterfeit Microsoft software components, counterfeit Certificates of Authenticity (COA), and counterfeit COA labels to private investigators hired by Microsoft. Rechanik's deposition testimony and other evidence revealed that Era Soft (through Rechanik) often purchased Microsoft COA labels from suppliers without the accompanying software and sold them to customers. Rechanik admitted that Era Soft obtained purported Microsoft software from vendors that were not authorized to sell Microsoft's products and that Rechanik selected the suppliers based only on which offered the lowest price, without regard to whether the software was counterfeit; Rechanik did not examine the software to determine whether it was authentic.

Rechanik, proceeding *pro se* after firing his lawyers, submitted nothing to contradict Microsoft's evidence, despite receiving notice from Microsoft of his obligation to do so under Federal Rule of Civil Procedure 56(e). See *Timms v. Frank,* 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982). Rechanik instead filed a motion to reopen discovery. The district court granted Microsoft's motion for summary judgment, issued a permanent injunction ordering Rechanik and Era Soft to refrain from engaging in future infringing

conduct, and awarded Microsoft $880,000 in damages plus attorneys' fees and costs. It further determined that Rechanik was personally liable under federal copyright and trademark laws. The district court then denied as moot Rechanik's motion to reopen discovery. After timely filing his notice of appeal, Rechanik filed a series of motions in the district court, which the court denied, explaining that Rechanik's notice of appeal divested it of jurisdiction to entertain the motions.

We agree with the district court's determination, which we review *de novo*, see *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007), that Microsoft was entitled to summary judgment because it presented overwhelming and unrefuted evidence that Rechanik was personally liable for infringing Microsoft's copyrights and trademarks. An individual can be jointly liable for a company's infringing conduct. See *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) (individual liability for company's copyright infringement); *Chanel, Inc. v. Italian Activewear of Fla.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (same for trademark infringement).

Microsoft's evidence—including Rechanik's own testimony and the declarations of Microsoft's investigators and the Microsoft employee who examined Era Soft's counterfeits—established that Era Soft violated Microsoft's exclusive right as the copyright holder to authorize the manufacture and distribution of its products. See 17 U.S.C. § 106(3); *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.,* 391 F.3d 871, 875 (7th Cir. 2004). And Microsoft's undisputed evidence showed that Rechanik intentionally encouraged Era Soft's infringement; thus he is personally liable as a contributor. See *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998). Although Rechanik now argues that he did not know that the products were counterfeit, he admitted at his deposition that he purchased the products from unauthorized distributers, did not ask whether they were authentic, and did not examine them to satisfy himself that they were not counterfeit. At best, Rechanik's "ostrich-like" business practices amount to willful blindness, which is sufficient to show he had the intent necessary to be a contributory infringer. See *In re Aimster Copyright Litig.*, 334 F.3d 643, 650, 655 (7th Cir. 2003).

Rechanik argues that the district court erred in granting summary judgment to Microsoft because the "first sale" doctrine shields him from liability under the Copyright Act. See 17 U.S.C. § 109(a). But, as Microsoft correctly points out, Rechanik raises this argument for the first time on appeal and has therefore waived it by not presenting it to the district court. See *Andy's Rest. & Lounge v. City of Gary*, 466 F.3d 550, 556-57 (7th Cir. 2006).

As for Microsoft's trademark claim, the undisputed evidence leads us to the same conclusion. The logos and labeling on Era Soft's counterfeit software closely resembled Microsoft's marks, so Era Soft's products were likely to confuse consumers. See, *e.g.*, *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987) ("Where . . . one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion."). And the same evidence that supports the conclusion that Rechanik is liable as a contributor to copyright infringement also supports the conclusion that Rechanik is liable as a contributor to Era Soft's trademark infringement. The uncontroverted evidence shows that he caused Era Soft to sell the software knowing that these products infringed on Microsoft's marks, see *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982); *David Berg & Co. v. Gatto Int'l Trading Co.*, 884 F.2d 306, 311 (7th Cir. 1989), or at least was willfully blind to the infringement, see *Hard Rock Cafe Licensing Corp. v. Concession Servs.*, 955 F.2d 1143, 1149 (7th Cir. 1992).

Microsoft's state-law claims of consumer fraud, deceptive trade practices, and unfair competition based on trademark infringement are analyzed using the same standards as federal trademark claims. See *McGraw-Edison Co. v. Walt Disney Prods.*, 787 F.2d 1163, 1173-74 (7th Cir.1986); *D 56, Inc. v. Berry's Inc.*, 955 F. Supp. 908, 920 (N.D. Ill. 1997). So summary judgment on those claims was also appropriate.

Rechanik argues that summary judgment was not warranted because his counsel gave him poor advice and conspired with Microsoft's counsel, but Rechanik offers no evidence to support that allegation. In any event, we will not reverse a district court's judgment in a civil case because a litigant's counsel provided ineffective assistance. See *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). We thus agree with the district court that Microsoft is entitled to summary judgment against Rechanik.

Rechanik next takes issue with the district court's denial of his motion to reopen discovery, a decision that we review for abuse of discretion. See *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). A district court may defer a ruling on a summary judgment motion if a party submits an affidavit explaining why the party has been unable to obtain the evidence necessary to oppose the motion. See FED. R. CIV. P. 56(f); *Woods*, 234 F.3d at 990. Rechanik did not submit the required affidavit, which we have held is a sufficient basis to deny the motion. *First Nat'l Bank & Trust Corp. v. Am. Eurocopter Corp.*, 378 F.3d 682, 693-94 (7th Cir. 2004). And, even if an affidavit were not required, Rechanik has failed to demonstrate how the discovery he seeks would generate any genuine issue of material fact. See *Woods*, 234 F.3d at 990. Thus the district court did not abuse its discretion in declining to reopen discovery.

Finally Rechanik argues that the district court erred in denying the motions he filed after the court granted summary judgment. Rechanik's notice of appeal, however, is only from the district court's order granting summary judgment and does not serve as a notice of appeal of all future district court orders. See *Grube v. Lau Indus., Inc.,* 257 F.3d 723, 731 (7th Cir. 2001). Thus we do not have jurisdiction to review those decisions.

AFFIRMED.