NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

Argued October 8, 2013
Decided October 16, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

Nos. 13-1751 & 13-1752

| | |
|---|---|
| JASMINA TUCOVIC, | Appeals from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern District |
| | of Indiana, Fort Wayne Division. |
| *v.* | |
| | Nos. 1:09-cv-00148-JTM-RBC |
| WAL-MART STORES EAST, L.P., *et al.,* | 1:10-cv-00386-JTM-RBC |
| *Defendants-Appellees.* | |
| | James T. Moody, |
| | *Judge.* |

**O R D E R**

Former Wal-Mart employee Jasmina Tucovic appeals the grant of summary judgment against her in this employment discrimination suit. The district court granted Wal-Mart's motion for summary judgment after Tucovic failed to submit anything in response to the

notice supplied by Wal-Mart setting forth the summary-judgment rules, her rights to file affidavits or other materials in opposition to the motion, and the consequences of failing to respond.  Tucovic argues that the notice should have been issued by the court, not Wal-Mart.  We affirm.

Tucovic, who was born in Bosnia and Herzegovina, was hired at a Wal-Mart in Fort Wayne to work in the store's "Money Center," a wing of the store where customers could cash checks, pay bills, or load money onto a prepaid debit card.  With the help of an attorney recruited by the district court, she filed a complaint alleging (among other discriminatory acts) that she was not allowed to take breaks as often as non-Bosnians and that she was told by a supervisor that she needed to be shown how to use deodorant because she was Muslim and smelled.  When the store shut down the Money Center, she was assigned shifts as a cashier or "greeter," welcoming customers at the store's entrance, while non-Bosnians who had worked at the Center became customer service associates, helping customers return merchandise.  Tucovic also asserted that Wal-Mart violated the Family Medical Leave Act, 29 U.S.C. §§ 2601–2654, when it retaliated against her for taking what she described as "medical leave," a two-week leave of absence at her doctor's recommendation for an unspecified "serious medical condition."  When she returned to her job, her hours had been cut and she had been assigned shifts as a greeter rather than a customer service associate (her preferred position).

Tucovic sued Wal-Mart a second time, alleging that the company retaliated against her for her prior suit by further reducing her hours and scheduling her for night shifts.  She said that she was forced to resign because her work environment was hostile, *i.e.*, she was "overloaded with work."  At the parties' request, the district court consolidated the two cases.

After discovery concluded, Tucovic decided that she no longer wanted to be represented by her recruited lawyer, who in turn withdrew.  Tucovic told the court, however, that she would not attend a scheduled conference unrepresented and did not want any further contact with Wal-Mart's attorneys because they were "unethical."  The court denied her request for new counsel, explaining that the case involved straightforward claims of discrimination and retaliation and, discovery having been completed, Tucovic was capable of litigating the case herself.

Wal-Mart moved for summary judgment on the grounds that Tucovic had not established a prima facie case of discrimination and (following our guidance in *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992)) informed Tucovic in writing that she might lose the case if she did not respond.  The notice, attached to the summary-judgment motion and mailed to Tucovic's address, also reproduced the text of Federal Rule of Civil Procedure 56.  When the deadline for a response passed without word

from Tucovic, Wal-Mart says that it called her four times and left messages. Wal-Mart then asked the district court to rule summarily on the motion; Tucovic was also served with this filing by mail.

Nine months later, the district court granted summary judgment for Wal-Mart. The court accepted Wal-Mart's version of the facts as undisputed because Tucovic had failed to respond. Agreeing with the company's analysis, the court found no evidence of mistreatment severe enough to amount to an adverse employment action (the deodorant comment being barred by the statute of limitations because it was made so long ago) or any disparate treatment. Further, the court said, Wal-Mart had shown that its actions were motivated by nondiscriminatory reasons, such as scheduling logistics (Tucovic refused to work nights and Wal-Mart employees had to manually enter her shifts into the otherwise-automated computer program for scheduling).

On appeal Tucovic contends that, even though Wal-Mart sent the required notice, the district court bore the ultimate responsibility of ensuring that she understood the consequences of not complying with Rule 56. Tucovic asserts that she had been an active litigant up until her failure to respond to the summary-judgment motion, so the district court should have realized that Wal-Mart's notice was inadequate—that she must have either not received it or disregarded it, given her stated desire to avoid Wal-Mart's attorneys.

*Lewis* and *Timms* hold that pro se plaintiffs must be notified in a short and plain statement that any factual assertion in evidentiary materials supporting the summary-judgment motion will be accepted as true unless the plaintiffs respond with their own evidence contradicting the assertion; this notice should also include the text of Rule 56. *Lewis*, 689 F.2d at 102; *Timms*, 953 F.2d at 285. That is precisely what Wal-Mart sent Tucovic; she does not dispute the adequacy of the notice's contents. Because district courts already are overburdened, *Lewis* and *Timms* require them to provide this notice only when counsel for the moving party fails to attach it to the summary-judgment motion. *Lewis*, 689 F.2d at 103; *Timms*, 953 F.2d at 285; *see also Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012); *Renchenski v. Williams*, 622 F.3d 315, 340–41 (3d Cir. 2010). District courts are not required, as Tucovic suggests, to supplement notice provided by counsel. *See Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (en banc); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Tucovic points to no authority, and we could find none, supporting the proposition that distrust between the parties requires the district court to step in and independently supply notice.

At all events, lack of notice does not warrant reversal if the plaintiff still would have been unable to avoid summary judgment even with notice. *Timms*, 953 F.2d at 287. Tucovic asserts

that if she wins her appeal, "it is entirely possible" that she will produce "additional evidence," but it would be inappropriate to now specify that evidence, since nothing at this point can be added to the appellate record. Tucovic has failed to identify any evidence she would have produced to dispute Wal-Mart's version of events.

**AFFIRMED**.