**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021[*]
Decided May 19 , 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2690

| | |
|---|---|
| DE'CARLOS FREEMAN | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | No. 3:19-CV-70 RLM-MGG |
| MOLDING PRODUCTS, | Robert L. Miller, Jr. |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

De'Carlos Freeman appeals the entry of summary judgment for Molding Products on his employment-discrimination claim. He argues that he lost because the district court failed to instruct him on the procedure for responding to the defendant's motion for summary judgment. Because Freeman received the instructions to which he

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

was entitled, and on this record no reasonable factfinder could conclude that he was mistreated because of his race, we affirm.

Five months after a staffing agency placed Freeman, who is black, with Molding in 2017, the company fired him. Freeman responded with this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, alleging that, during his five months at Molding, his supervisor harassed him, and Molding fired him because of his race. Moving for summary judgment, Molding countered with evidence that it fired Freeman for lying to a supervisor in January 2018 about leaving his workstation without clocking out. The district court's local rules required that, after it moved for summary judgment, Molding notify Freeman, a pro se litigant, of his obligation to respond to its motion; Molding did so, furnishing to Freeman a list of the materials that the rules called for. *See* N.D. IND. R. 56-1(f), App. C. Freemen submitted two responses. For evidence, the first response contained affidavits by two temporary workers at Molding; it also attached Freeman's brief objection to the Equal Employment Opportunity Commission's response to his charge of discrimination. The second filing contested portions of the defendant's statement of material facts but included no evidence. Granting the motion for summary judgment, the district court ruled that, based on the materials that Freeman submitted, no reasonable factfinder could find that Molding had fired Freeman because of his race rather than his job performance. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

Freeman first argues that the district court erred by failing to urge him to submit additional evidence to oppose the motion for summary judgment. He contends that had the court done so, he would have produced additional evidence supporting his claim. But the court had no independent duty to audit the strength of Freeman's responses after Molding, in compliance with the court's local rules (and the procedure that we established in *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992)), alerted him to the proper method for responding to the motion. Molding's adherence to this procedure ensured that Freeman was "able to submit the evidence he thought necessary for an effective defense." *Ohio Nat'l Life Assurance Corp. v. Davis*, 803 F.3d 904, 906 (7th Cir. 2015). Freeman's reliance on *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982), is misplaced. As that case requires, he did, in fact, have a "reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion and demonstrate that there is a genuine issue of material fact." *Id.*

Freeman next challenges the entry of summary judgment on the merits. We review the ruling de novo, construing the evidence and reasonable inferences in

Freeman's favor. *Guzman v. Brown Cnty.*, 884 F.3d 633, 638 (7th Cir. 2018). Freeman's claim fails because he adduced no evidence that would permit a reasonable factfinder to conclude that Molding fired or harassed him because of his race. *See Lewis v. Wilkie*, 909 F.3d 858, 866–67 (7th Cir. 2018); *Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 601 (7th Cir. 2014). The only evidence he furnished were affidavits of two coworkers, but neither one suggests a violation of Title VII. One affiant asserts that Freeman's supervisor once spoke positively of Freeman; the other says that the supervisor boasted about treating all workers harshly. Neither affiant attributes the supervisor's conduct, including the accusation that Freeman lied in January 2018 about a workplace matter, to racial hostility. Freeman therefore made no prima facie case that Molding or its supervisor discriminated against him based on his race. *See Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 957 (7th Cir. 2021).

AFFIRMED