*271 ORDER (Denial of Motion to Reopen)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the plaintiffs November 17, 1999 Motion to Reopen (Post Judgement Motion) based upon an interpretation of the breadth and scope of available post judgment motions as adopted by the Ho-Chunk Nation Supreme Court. Ho-Chuuk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P.], Rule 58 sets forth the four (4) available post judgment motions: Motion to Amend, Motion for Relief from Judgment, Motion for a. New Trial, and, Motion for Reconsideration. The Court deems that none of the enumerated motions create a mechanism for granting the plaintiffs request, and, therefore, the Court must deny the pending Motion to Reopen. The November 10, 1999 Order (Dismissal 'with Prejudice) shall remain undisturbed.
PROCEDURAL HISTORY
The plaintiff, Helen Harden, initiated the current action by filing a Complaint with the Court on September 10, 1999. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint and attachments on September 10, 1999, and personally served the documents upon the defendant, Indian Child Welfare/Child & Family Services [hereinafter ICW/CFS], The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to the HCN R. Civ. P. 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period.
The defendant, by and through Attorney Leslie Parker Cohan, filed the Answer on September 29, 1999, serving such documents on the plaintiff via first class mail. The Court subsequently mailed Notice(s) of Hearing on October 5, 1999, informing the parties of the date, time and location of the Scheduling Conference. Prior to the Scheduling Conference, the defendant filed the October 13, 1999 Defendant’s Notice and Motion to Dismiss and Defendant’s *272 Brief in Support of Motion to Dismiss. The defendant served such documents on the plaintiff via first class mail. The following parties appeared at the October 21, 1999 Scheduling Conference: Attorney Leslie Parker Cohan and Helen Harden.
At the Scheduling Conference, the Court, with the consent of the defendant, extended the ten (10) day response period under HCN R. Civ. P. 19(A).[1] The Court required the plaintiff to file a Response on or before November 1, 1999. The Court also afforded the plaintiff the ability to argue against the Motion to Dismiss at a Motion Hearing scheduled for November 8, 1999. Notice(s) of Hearing mailed on October 21, 1999 reminded the parties of the date, time and location of the Motion Hearing.
The Court filed the Scheduling Order on October 22, 1999. The defendant, in compliance with the Scheduling Order, filed the Defendant’s Preliminary Witness List on October 29, 1999. The plaintiff filed an untimely Response to Motion to Dismiss and Witness List on November 8, 1999. The following parties appeared at the November 8, 1999 Motion Hearing: Attorney Leslie Parker Cohan. Helen Harden failed to appear, and did not provide the Court with prior notice explaining her nonattendance.
Due to the plaintiffs failure to appear, the Court, upon the motion of the defendant, dismissed the case in accordance with HCN R. Civ. P. 44(C) for failure to appear at a hearing upon receipt of proper notice: verbal and written. The plaintiff filed a Motion to Reopen (Post Judgement Motion) on November 17, 1999. The defendant has not chosen to file a Response as permitted by HCN R. Civ. P. 19(A), and neither party has requested a hearing on the Motion to Reopen, pursuant to HCN R. Civ. P. 20.
APPLICABLE LAW
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process
(B) Summons. The Summons is the official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See, HCN R. Civ. P. 6) and that a Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
Rule 18. Types of Motions
Motions are requests directed to the Court and must be in writing except those made at trial. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party.
Rule 19. Filing and Responding to Motions
(A) Motion. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five *273 (5) calendar days before the time specified for a hearing on the Motion. A Response to a written Motion must be filed at least one day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 20. Hearings on Motions
A hearing on a Motion may be held in the discretion of the Court. A party requesting a hearing must (a) schedule the hearing with the Court and (b) deliver or mail notice of the hearing to other parties at least five (5) calendar days prior1 to the hearing. If the trial is scheduled to begin within the time allowed for a hearing, all responses shall be made by the time scheduled for commencement of the trial. Motions made within fourteen (14) calendar days of trial may be dismissed and costs and fees assessed against the moving party if the Court finds no good exists for failing to file the Motion more than fourteen (14) calendar days in advance of trial.
Rule 44. Presence of Parties and Witnesses
(C) Failure to Appear. If any party fails to appear at a hearing or trial for which they received proper notice, the case may be postponed or dismissed, a judgement may be entered against the absent party, or the Court may proceed to hold the hearing or trial.
Rule 58. Amendment to or Relief from Judgement or Order
(A)Relief from Judgement. A Motion to Amend or for relief from judgement, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgement. The Motion must be based on an error or irregularity which prevented a party from receiving a fair-trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgement, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgement accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgement, the time for initiating an appeal commences upon entry of the amended judgement. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgement commences when the Court denies the motion on the record or1 when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgement, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgement commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgement. Clerical errors in a court record, including the Judgement or Order, may be corrected by the Court at any time.
(D) Grounds for Relief. The Court may grant relief from judgements or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judge *274 ment has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
DECISION
A motion is simply a request directed to the Court. HCN R. Civ. P. 18. The Ho-Chunk Nat ion Rules of Civil Procedure specifically identify twenty-five (25) such motions/requests. See HCN R. Civ. P. 4(B), 5(1), 8, 16(B), 19(B), 28(B), 37, 38, 42, 44, 45, 55, 56(B), 58(A), 58(B), 58(D), 59(B), 62, 68 and 71. Additionally, the Court has recognized the implied necessity of some otherwise unenumerated motions. For example, although HCN R. Civ. P. 19(A) does not permit filing a motion prior to receipt of a responsive pleading (e.g. Answer), see Fitzpatrick v. Ho-Chunk Nation, CV 99-31 Order (Denial of Motion) (HCN Tr. Ct., June 7, 1999), the Court has created an exception for the earlier filing of a Motion for a. More Definite Statement. See Id., Order (Denial of Motion for More Definite Statement) (HCN Tr. Ct., June 25, 1999). The Court reasoned that a defendant/respondent could not properly answer a complaint which failed to satisfy the minimal requirements of HCN R. Civ. P. 3(A).
The Court also has entertained other-motions related to the deficiency of a complaint. HCN R. Civ. P. 6 explicitly directs the defendant/respondent to. “state any defenses to the Complaint ” in the Answer. Based upon this directive, the Court has reviewed Motion(s) to Dismiss for Failure to State a Claim upon which Relief Can Be Granted, Motion(s) to Dismiss for Lark of Subject Matter Jurisdiction and other- motions related to legal and factual defenses. See Karen Raimes v. Ho-Chunk Nation, CV 99-32 Order (Motion to Dismiss: Granting in Pad, Denying' in Part and Remanding in Pad) (HCN Tr. Ct., Aug. 4, 1999).
The plaintiffs Motion to Reopen (Post Judgement Motion), unlike the above-discussed motions, does not have an implicit or explicit basis in the Ho-Chunk Nation Rules of Civil Procedure. While the plaintiff identifies the Motion as a, HCN R. Civ. P. 58 Post Judgement Motion, this rule does not discuss Motion(s) to Reopen. However, the Court has a general policy of encouraging pro se representation, and will not deny the Motion on its face based upon semantics and inappropriate designation. The Court, therefore, will assess the plaintiffs Motion to Reopen as a Rule 58 Post Judgment Motion.
HCN R. Civ. P. 44(C) clearly provides the Court with the authority to dismiss an action based upon non-attendance of a plaintiff at a scheduled hearing. Rule 44(C) reads in relevant part: “If any party fails to appear- at a hearing ... for which they received proper notice, the case may be .. . dismissed.” The plaintiff received verbal notice of the November 8, 1999 Motion Hearing at the October 21, 1999 Scheduling Conference. In fact, the plaintiff and defendant mutually agreed upon the date and time of the Motion Hearing. The Court also mailed Notice(s) of Hearing to the parties on October 21, 1999, as a reminder of the date and time of the Motion Hearing.
The plaintiff does not dispute receipt of proper notice in her one (1) page Motion to Reopen. (Post Judgement Motion). The plaintiff rather- explains her failure to appear as follows: “My catalogue case (where all my grievance papers reside) was mistakenly removed from my vehicle in IL and I was unable to retrieve it until Wed. Nov. 10 in the evening.” The plaintiff, however, does not indicate the date upon which the catalogue case was removed from her possession. If the plaintiff earlier realized the disappearance *275 of her court documents, she should have contacted either the Court or defendant’s counsel. The plaintiff did not follow this reasonable and prudent course of action, but instead seemingly relied upon her recollection of the October 21, 1999 Scheduling Hearing.
Parties to an action have a vested interest in preserving and protecting their claims and/or defenses and must act accordingly. The plaintiff as a pro se litigant is, or should be, well aware of the importance of Court ordered appearances and deadlines. The plaintiff has had numerous interactions with the Court as a result of her employment as a Child & Family Services Social Worker and former Clerk of Court. In any event, the Court cannot adopt a policy of accepting excuses for inaction.
The Court will now examine the plaintiffs request to reopen the case by authority of HCN R. Civ. P. 58. The plaintiff filed the Motion to Reopen (Post Judgement Motion) within ten (10) days of November 10, 1999 Order (Dismissal with Prejudice), rendering such request timely under Rule 58. The Rule enumerates four (4) post judgment motions: Motion to Amend, Motion for a, New Trial, Motion for Relief from Judgment and Motion for Reconsideration. The Court will deal with each motion in turn.
First, a Motion to Amend “must be based on an error or irregularity which prevented a party from receiving a fair’ trial or a substantial legal error which affected the outcome of the action.” HCN R. Civ. P. 58(A) (emphasis added). The Rule further directs that a request for’ a new trial may accompany a Motion to Amend. The first identified basis presumes the occurrence of a trial and identification of errors or irregularities which directly impacted or affected that proceeding. In the instant case, the action never proceeded to trial, and, therefore, the first identified basis does not prove relevant. The second identified basis requires the occurrence of a substantial legal error. The Rule does not designate when the legal error must occur, but the plaintiffs Motion to Reopen presents no such an allegation.
Second, a party may submit a Motion for Relief from Judgment on the following grounds:
(1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or (b); did not have proper service and did not appear in the action; or (4) the judgement has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
HCN R. Civ. P. 58(D). The Court shall refrain from a detailed discussion concerning the application of this Rule to the plaintiffs Motion to Reopen,. The four (4) enumerated grounds are wholly and clearly inapplicable in the given context.
Third, HCN R. Civ. P. 58(B) describes a Motion for Reconsideration, but does not set forth the bases upon which a party may bring such a motion. The Rule, however, again directs that a request for a new trial may accompany the motion. The Court previously established the standards for a Motion for Reconsideration, requiring the movant to establish that the Court:
1). Overlooked, misapplied or failed to consider a statute, decision or principle controlling; or
2). Overlooked or misconceived some material fact or proposition of law; or
*276 3). Overlooked or misconceived a material question in the case; or
4). The law applied in the ruling has been substantially changed by court decision or statute,(sic )
Babcock v. Ho-Chunk Gaming Commission, CV 95-08 Motion to Reconsider (granted) (HCN Tr. Ct., March 14, 1996) p. 1. See also Day, et al. v. HCN Personnel Dept., CV 96-15 Order (Motion to Reconsider and Decision) (HCN Tr. Ct., Feb. 27, 1997) and Stephan, et al v. Ho-Chunk Nation, CV 97-141 Order (Motion for Reconsideration Denied) (HCN Tr.Ct., Jan. 28, 1999). Similar to the Motion for Relief from Judgment, the four (4) enumerated grounds of a Motion for Reconsideration are wholly and clearly inapplicable in the given context.
The Court cannot grant the plaintiffs Motion to Reopen (Post Judgement Motion) by analogy to HCN R. Civ. P. 58. The Court can conceive of instances where a party may have an excusable absence due to reasons beyond the individual’s control (e.g. grave illness or death in the family), but that type of instance is not present here. Therefore, based upon the foregoing, the Court upholds its decision to dismiss with prejudice based on principles of fairness and finality.
All parties have the right to appeal a final judgement or order of the Trial Court. If either party is dissatisfied with the decision of this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date this Court renders such final judgment or order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Notice of Appeal must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must conform with the requirements established by the Ho-Chunk Supreme Court as stated in the Ho-Chunk Nation.

. The plaintiff alleged that she had not received the defendant’s October 13, 1999 Defendant's Notice and Motion to Dismiss and Defendant's Briej in Support of Motion to Dismiss.