*373 ORDER (Determination upon Remand)
TODD R. MATHA, Chief Judge.
INTRODUCTION
On September 21, 2006, the Ho-Chunk Nation Supreme Court (hereinafter Supreme Court) reversed and remanded a decision that this Court rendered in an employment action. The Supreme Court instructed the Court to conduct further proceedings, which the Court deemed unnecessary since the matter had previously proceeded to trial. The following discussion covers the relevant legal issues neees-sary to appropriately render a decision on remand.
PROCEDURAL HISTORY
The Supreme Court remanded the instant case for proceedings consistent with the appellate decision. Sherry Wilson v. HCN Dept of Pers., SU 06-01, 2006 WL 5771816, 6 Am. Tribal Law 184, 188 (HCN S.Ct., Sept. 21, 2006) at 1, 6. The Court already conducted the Trial on October 4, 2005, thereby permitting the Court to base its decision upon the standing Findings of Fact. Order (Final J.), CV 05-43 (HCN Tr. Ct., Jan. 4, 2006) at 9-11. The Court enters this decision in a timely manner pursuant to In the Matter of Timely Issuance of Decisions, Admin. Rule 04-09-05(1) (HCN S.Ct., Apr. 9, 2005).
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article VII—Judiciary
Sec. 6. Powers of the Tribal Count.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law[7] and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
Article X—Bill of Rights
Sec. 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not:
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the due process of law;
Article XII—Sovereign Immunity
Sec. 1. Immunity of Nation from. Suit. The Ho-Chunk Nation shall be immune from suit except to the extent that the Legislature expressly waives its sovereign immunity, and officials or employees of the Ho-Chunk Nation acting within the scope of their duties or authority shall be immune from suit.
Sec. 2. Suit Against Officials and Employees. Officials and employees of the Ho-Chunk Nation who act beyond the scope of their duties or authority shall be subject to suit in equity only for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights *374 and duties established by this constitution or other applicable laws.
EMPLOYMENT RELATIONS ACTION OF 2004, 6 HOC 8 ft
Subsec. 18. Annual and Sick Learn.
c. Transfer of Leave Time. Employees may transfer leave hours to another employee who is eligible to use accrued leave hours. This policy does not apply to an employee who has given notice of resignation or an employee being separated because of lay-off or termination.
(1) To be eligible to receive these hours an employee must meet the following criteria:
(a) Have forty (40) or less hours of accrued leave hours.
(b) Not receiving any other type of pay (i.e., Short Term Disability, Worker’s Compensation, etc).
(c) Approval of his or her supervisor.
(2) To be eligible to transfer hours, the donating employee must meet the following criteria:
(a) Execute a voluntary option of consent with signature and a specific amount of hours donated/transferred.
(b) Maintain a minimum balance of 24 hours in his or her respective donating leave account.
(c) Approval of his or her supervisor, where applicable.
(3) This policy is strictly voluntary and no employee shall be required to transfer accrued leave time.
(4) In the event that an employee decides to transfer his/her accrued leave time, such leave time shall not be recovered and the employee will be eligible to utilize only hours that he/she has remaining and thereafter accumulates.
(5) Any leave transferred that violates this policy shall result in the transferred leave being revoked from the receiving employee.
Subsec. 29. General Hours of Work and Attendance.
e. Abandonment of Employment. An employee who is absent from his or her assigned work location without authorized leave for three (3) consecutive days or five, (5) days in a twelve (12) month period shall be considered absent without authorized leave, and as having abandoned his or her employment. The employee shall be automatically terminated, unless the employee can provide the Nation with acceptable and verifiable evidence of extenuating circumstances justifying the absence(s). Subsec. 33. Grievances.
a. Employees may seek administrative and judicial review only for alleged discrimination and harassment.
d. Candidates for employment may file a complaint with the Department of Personnel regarding the interview and selection process and may elect to file a complaint directly with the Grievance Review Board.
Subsec. 34. Administrative Review Process.
a. Policy.
(2) Employees are entitled to grieve suspensions or terminations to the Board. The Board will be selected from a set pool of employees and supervisors with grievance training, who will review a case and determine whether to uphold the discipline.
(3) Following a Board decision, the employee shall have the right to file an appeal with the Ho-Chunk Nation Trial Court (Court).
Subsec. 35 Judicial Review.
a. Waiver of Sovereign Immunity. Pursuant to Article XII of the Constitution *375 of the Ho-Chunk Nation, the Ho-Chunk Nation Legislature expressly waives the sovereign immunity of the Ho-Chunk Nation in the limited manner described herein. This waiver shall be strictly construed.
b. There is no judicial review of employee evaluations or disciplinary actions that do not immediately result in suspension or termination.
c. Judicial review of a grievance involving suspension, termination, discrimination, or harassment may proceed to the Ho-Chunk Nation Trial Court only after the Administrative Review Process has been exhausted through the Grievance Review Board. An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.
d. Relief.
(1) This limited waiver of sovereign immunity allows the Trial Court to award monetary damages for actual wages established by the employee in an amount not to exceed $10,000, subject to applicable taxation.
(2) The Trial Court may grant equitable relief mandating that the Ho-Chunk Nation prospectively follow[7] its own law, and as necessary to directly remedy past violations of the Nation’s laws. Other equitable remedies shall only include:
(a) an order of the Court to the Executive Director of the Department of Personnel to reassign or reinstate the employee;
(b) the removal of negative references from the employee’s personnel file;
(c) the award of bridged service credit; and
(d) the restoration of the employee’s seniority. :
(3) Notwithstanding the remedial powers noted above, the Court shall not grant any remedies that are inconsistent with the laws of the Ho-Chunk Nation. Nothing in this limited waiver or-within this Act shall be construed to grant a party any legal remedies other than those included in this section.
e.Under this limited waiver of sovereign immunity, the Court shall review[7] the Board’s decision based upon the record before the Board. Parties may request an opportunity to supplement the record in the Trial Court, either with evidence or statements of their position. The Trial Court shall not exercise de novo review of Board decisions. The Trial Court may only set aside or modify a Board decision if it w[7]as arbitrary and capricious.
HO-CHUNK NATION RULES'OF CIVIL PROCEDURE
Rule 2. Liberal Construction.
These rules shall be liberally construed to secure a just and speedy determination of every action.
Rule 3. Complaints.
General. A civil action begins by one of the following procedures:
(A) filing a written Complaint with the Clerk of Court and paying the appropriate fees. The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends, the facts and circumstances giving rise to the action, and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to, the dollar amount that the party is requesting. The Complaint must contain the full names and addresses of all parties and any counsel, as well as a telephone number at which the complainant may be contacted. The Complaint shall be signed by the filing party.or his/her counsel, if any.
*376 Rule 6. Answering a Complaint or Citation.
(A) Answering a Complaint. A party against whom a Comptomt has been made shall have twenty (20) calendar days from the date the Summons is issued, or from the last date of service by publication, to file an Answer with the Clerk of Court. The Ansiver shall use short plain statements to admit, admit in part, or deny each statement in the Complaint, assert any and all claims against other parties arising from the same facts or circumstances as the Complaint and state any defenses to the Complaint. The Cam-plaint must contain the full names of all parties and any counsel. The Ansiver must be signed by the party or his or her counsel and contain their full names and addresses, as well as a telephone number at which they may be contacted. An Answer shall be served on other parties and may be served by mail. A Certificate of Service shall be filed as required by Rule 5(B).
Rule 14. Caption.
The first line of the pleading shall identify the Court where the action is filed. The names of the parties to the action, with the complaining party placed on the left side of the first page beginning on the next line. The title of the pleading (e.g., Complaint, Citation, Petition, Ansiver) and the case number shall be placed on the right side of the first page, next to the list of parties. Parties shall always be listed in the same order as in the Complaint
Rule 15. Attachments.
Attachments to pleadings must be specifically identified and referenced to in the pleading and conform to the rules for pleading.
Rule 21. Amendments to Pleadings.
Parties may amend a Complaint or Answer one time without leave of the Court prior to the filing of a responsive pleading, or if no responsive pleading is permitted, at any time within twenty (20) days of the original filing date. Subsequent amendments to Complaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. All amendments to the Complaint or Ansiver must be filed at least thirty (30) calendar days prior to trial or as otherwise directed by the Court. When an Amended, Complaint or Answer is filed, the opposing party shall have ten (10) calendar days, or the time remaining in their original response period, whichever is greater, in which to file an amended responsive pleading.
Rule 24. Substituting, Intervening and Joining Parties.
If a party becomes incompetent or transiere his/her interest or separates from some official capacity, another party may be substituted as justice requires. A party with an interest in an action may intervene and be treated in all respects as a named party to the action. To the greatest extent possible, all persons with an interest will be joined in an action if relief cannot be accorded among the current parties without that person, or the absent person’s ability to protect their interests is impeded unless they are a party. Failure to join a party over whom the Court has no jurisdiction will not require dismissal of the action unless it would be impossible to reach a just result without the absent party. The Court will determine only the rights or liabilities of those who are a party to the action or eligible for relief as part of a class certified under Rule 9.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of govern *377 ment, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether an official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department: of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Court or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity that prevented a party from receiving a fair trial or a substantial legal error that affected the outcome of the action.
(15) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conelu-sions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this Rule, the time for initiating appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating the appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this Rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a Court record, including the Judgment or Order may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; (2) fraud, misrepresentation or serious misconduct of another party to the action; (3) good cause if the requesting party was not personally served in accordance with Rule 5(e)(l)(a)(i) or (ii), did not have proper service and did not appear in the action; or (4) the judg *378 ment has been satisfied; released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
HO-OHLNK NATION RULES OF JUDICIAL ETHICS
Sec. 1-1. Judges and Justices.
This code applies to the following persons; anyone, whether or not a lawyer, who is an officer of the Ho-Chunk Nation tribal judicial system and is performing judicial functions as a judge or justice for the purpose of this code. All judges and justices must comply with this code. All judges and justices also includes those whom they may appoint on a part time basis; a temporary basis such as a pro tempore or a Traditional Court clan leader.
Sec. 4-1. Standards.
D. A tribal court judge or justice should maintain order in the court. He or she should not interfere in proceedings except where necessary to protect the rights of the parties. A tribal court judge or justice should not take an advocate role. Similarly, a judge or justice should rely on only those procedures prescribed by the laws and customs of the Tribe.
FINDINGS OF FACT
1..The Court incorporates by reference the Findings of Fad enumerated in its previous decision. Order (Final J.) at till.
2. The caption on the initial pleading appears in the identical manner stated above. Compl., CV 05-43 (May 19, 2005); see also Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rules 3(A), 14, 27(B).
3. The plaintiff references attachments, although not “specifically identified,” within the following parts of the initial plead-, ing: Summary of the incident and circumstances and Request for Relief. Cornpl at 2-3; see also HCN R. Civ. P. 15.
4. Within an attachment bearing the heading, Summary of the incident and, circumstances, the plaintiff indicates that after “receivfing] a letter from [her] former supervisor advising [her] of [her] termination from employment ... [she] served a grievance to dispute [her] termination upon [her] former supervisor, Ho-Chunk [sic ] Casino Marketing Director Dan Sine, HoChunk [sic ] Casino Human Resources and the Ho-Chunk Nation Department of Personnel.” Cornpl., Attach. 1 at 1. The plaintiff proceeds to set forth three (3) separate causes of action:
a. an allegation of “negligence by Ho-Chunk [sic ] Casino in failing to transfer annual leave . .. after proper procedure was followed by two employees attempting to donate time;”
b. an allegation of “negligence by my former supervisor Dan Sine in that termination letter failed to advise ... of ... right to a hearing before the Grievance Review Board;” and,
c. an allegation of “negligence in the failure of the HoChunk [sic ] Casino Human Resources to consider any possibility other than termination.” Id.
5. The plaintiff identified several individuals within the pleading attachment entitled, Grievance, which does not represent a document prepared in conjunction with the pleading, but served as the initial filing *379 in the Administrative Review Process. id., Attach. 2; see also Employment Relations Act of 2004 (hereinafter ERA), 6 HCC § 5.34a(2).
6. The plaintiff filed no amended pleading, as a matter of right, before the filing of a responsive pleading. HCN R. Civ. P. 21.
7. The defendant’s responsive pleading includes the following defense: “[t]he Plaintiff fails to state a claim for which relief can be granted relative to her claim of negligence by former supervisor Dan Sine, because Dan Sine and the Ho-Chunk Casino are not named as Defendants in this action.” Def.’s Answer, CV 05-43 (June 9, 2005) at 5; see also HCN R. Civ. P. 6(A).
8. At the Scheduling Conference, the Court informed the parties that the judicial staff attorneys could provide procedural assistance, but could not serve as advocates due to the nature of their employment status. The Court also informed the parties that the substantive case law of the Judiciary was located in the library of Wo Ehi Hocira. Scheduling Conference (LPER, July 13, 2005, 09:21:04 CDT).
9. The parties acknowledged that the plaintiffs claims would likely simultaneously proceed to and/or through the Grievance Review Board. Id., 09:23:32 CDT; see also Def.’s Ex. M.
10. The plaintiff filed no amended pleading, as permitted by the Court, prior to the mutually agreed upon deadline for amendments to pleadings. Scheduling Order, CV 05-43 (HCN Tr. Ct., July 13, 2006) at 4; see also HCN R. Civ. P. 21.
11. No procedural rule exists that requires a defendant to seek a dismissal on the basis of a failure to name a necessary party through the motion process.
12. At Trial, the plaintiff presented no testimony or evidence regarding a failure of Mr, Sine, to inform the plaintiff of the Administrative Review Process. See Kenneth L. Twin v. Douglas Greengrass, Exec. Dir. of Admin., CV 03-88 (HCN Tr. Ct, May 24, 2004) at 16 n. 9 (denying a constitutional basis for providing such notice).
13.At Trial, the plaintiff commented: “[i]in this case, my supervisor was more than willing to sign the [transfer of annual leave] form....” Trial (LPER at 21, Oct. 4, 2005, 10:22:24 CDT).
DECISION
The Supreme Court recently announced and imposed a liberal pleading requirement for pro se litigants previously absent in either this or any other jurisdiction. The Supreme Court starts by confirming that “[t]he appellant named the HCN Dept, of Personnel as the sole defendant in this mater....” Decision at 2. The Supreme Court, however, continues to indicate that the plaintiff “attached a separate sheet to her Complaint Titled [sic ] ‘Cause of Action’ which ... specifically mentioned the Ho-Chunk Casino Marketing Director Dan Sine.” Id.; see also supra, p. 8-9. Importantly, the Supreme Court does not find that the plaintiffs act of “mentioning” the official in a pleading attachment constituted naming Mr. Sine as a party defendant, but the Supreme Court “disagree[d] with the ... dismissal] on technical grounds,” i.e., a failure to name a necessary party. Decision at 3.
The Supreme Court later concedes that “[t]he appellant named the sovereign and not someone acting outside the scope of their authority....” Id. at 4 (citing Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. XII, §§ 1-2). Regardless, at this point, the Supreme Court criticizes the Court for failing to liberally interpret the applicable procedural rules “to secure a just ... determination of ev *380 ery action.” Id. (quoting HCN R. Civ. P. 2). The Supreme Court, for the first time, then concludes:
[t]he Trial Court failed to communicate to the pro se litigant in this matter that it could dismiss the Complaint unless they [sic ] formally amended the Complaint to incorporate its substance. A cursory review of the attachments to the Complaint detail that the appellant named a party, Dan Sine, whose actions were questioned as being potentially outside the scope of his authority. Had the Trial Court advised the pro se litigant that dismissal was likely unless she added a party who was amenable to suit and she adamantly refused to so amend her pleadings coupled with no plausible reading of the Complaint of any party acting outside the scope of their authority, this Court might inclined [sic ] to uphold the Trial Court’s determination.
Id. at 5. The Supreme Court then proceeds to quote a wholly irrelevant federal rule, without equivalent in this jurisdiction, entitled, Amendments to Conform to the Evidence, which concerns “issues not raised by the pleadings” and not the naming or joinder of parties.[1] Id. at 6 (quoting Fed. R.Civ.P. 15(b)). The Supreme Court concludes by noting that “[t]he pleading caption may be amended to conform to the actual findings in the case including those officials who were alleged by the appellant to have acted outside the scope of their authority.” Id. (emphasis added). The Supreme Court does not clearly state whether it bases this directive upon this Court’s perceived need to liberally construe the HCN R. Civ. P. or Fed R. Civ. P. 15(b). The Court will presume against the latter proposition since contrary to sound reason.
The Court is instructed in the HCN R. Civ. P. to “liberally construefthe rules] to secure a just ... determination of every action.” HCN R. Civ. P. 2. The seemingly applicable rules on the naming of parties appear, in relevant part, as follows:
The Complaint must contain the full names and addresses of all parties and any counsel.... HCN R. Civ. P. 3(A).
The ... pleading shall identify the ... names of the parties to the action. HCN R. Civ. P. 14.
The Complaint, in the case of an official or employee being sued, should indicate whether an official or employee is being sued in his or her individual or official capacity. HCN R. Civ. P. 27(B).
The Court feels that it liberally construed the applicable rules in this action as it does in every case, pro se or otherwise. The Court does not stringently require a plaintiff to provide an address of a defendant or any counsel. The Court also does not require a plaintiff to indicate whether an official or employee is being sued in his or her individual or official capacity since any such distinction largely presupposes a legal determination as yet not rendered by the Court. The Court, however, requires at a minimum that a plaintiff name a defendant. The above rules mandate that a *381 plaintiff do so, and the Court has never attempted to intuitively discern whether a plaintiff intended to designate an individual mentioned in an attachment not prepared in connection with the instant suit as a defendant, if not simply named in the caption. The Court proposes that no manner of liberally construing the above rules could logically support such a conclusion.
Regardless, the Supreme Court suggests that a liberal construction of the rules commands this result when properly acknowledging the pro se status of the plaintiff. In another formal pronouncement, the Supreme Court directs this Court to refrain from assuming “an advocate role” in litigation. Ho-Chunk Nation Rules of Judicial Ethics, § 4—1(D). The ethical rules do not even mention pro se litigation let alone establish a separate standard for those parties choosing to proceed without assistance of counsel. The Court has nonetheless remarked on several occasions that it has adopted “a general policy of encouraging and accommodating pro se representation.” Melinda A. Lee v. Majestic Pines Casino, Mktg. Dept. CV 99-91 (HCN Tr. Ct., Apr. 3, 2000) at 1 (citing Helen Harden v. ICW/CFS, CV 99-69, 2000 WL 35716893, 2 Am. Tribal Law 270, 274 (HCN Tr. Ct., Jan. 4, 2000) at 6).
The Court has declined to strictly enforce technical pleading and procedural requirements associated with the motion process when dealing with pro se-litigants. See, e.g., HCN Dep’t of Hous., Home Ownership Program v. Mick Boardman d/b/a T & Son’s Gen. Contractors, CV 99-107 (HCN Tr. Ct., Sept. 1, 2000) (permitting pro se litigant to subsequently acknowledge the veracity of a responsive pleading lacking a signature); Lee, CV 99-91 (denying a motion to dismiss for failure to state a claim upon which relief can be granted due to the pro se litigant’s ability to amend her pleading prior to the imposed deadline); Harden, CV 99-69 (considering the applicability of each post judgment motion despite pro se litigant’s particular designation of such motion); Casey A. Fitzpatrick v. Ho-Chunk Nation, CV 99-31 (HCN Tr. Ct., June 23, 1999) (refusing to require pro se litigant to provide a more particular pleading when facts and circumstances prove reasonably discernible in the initial pleading); Ho-Chunk Nation v. Tammy Lang, CV 98-46 (HCN Tr. Ct., Dec. 21, 1998) at 9-10 (denying summary judgment motion without affording the pro se litigant a hearing despite the absence of a -written response);[2] Jaqueline R. Nichols v. Randy Snowball, CV 97-167 (HCN Tr. Ct., Apr. 15, 1998) at 3-4 (declining to grant a motion to dismiss against a pro se litigant for failure to name an indispensable party).[3] The Court deems that it has always *382 acknowledged the disadvantages inherent in a litigant proceeding pro se and attempted to provide an appropriate degree of assistance without traversing into the role of an advocate.[4] Notably, the above examples demonstrate a consistent judicial philosophy and interpretation of procedures not contingent upon a consideration of pro se status.
The general principle that a trial court should liberally construe pro se pleadings in the federal court system derives largely, if not wholly, from the U.S. Supreme Court’s interaction with pro se litigants in criminal and civil rights cases. Criminal litigants are afforded more latitude due to the fact that significant liberty interests are often at stake. Furthermore, prisoners typically lack resources available to the general public, i.e., sustainable income and freedom of access to legal materials. On the other hand, civil rights pleadings receive liberal construction due to the remedial pui'poses underlying the legislation.
The Haines rule, which has gradually infiltrated civil cases in general, derived from an action initiated under the Civil Rights Act of 1871, and instructs that “the allegations of the pro se complaint” be held “to less stringent standards than formal pleadings drafted by lawyers.” Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); see also Mitchell v. Inman, 682 F.2d 886 (11th Cir.1982). That being said, the Seventh Circuit has summarized the permissible reach of the rule as follows:
[although civil litigants who represent themselves (“pro se”) benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, e.g., Haines v. Kerner, 404 U.S. at 520, 92 S.Ct. 594 (1972) (requiring liberal construction of pro se litigant pleadings); Timms v. Frank, 953 F.2d 281, 283-84 (7th Cir.1992) (extending rule of Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), cert. denied sub nom. Timms v. Coughlin, 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992), requiring all pro se litigants receive notice of summary judgment procedures before court may grant judgment against them), pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir.1991); Averhart v. Arrendando, 773 F.2d 919, 920 (7th Cir.1985).
Jones v. Phipps, 39 F.3d 158, 163 (7th Cir.1994) (parallel citations omitted).[5] The *383 Tenth Circuit, likewise, joins its sister court in arriving at the same conclusion, stating:
[t]he hazards which beset a lay[person] when he [or she] seeks to represent himself [or herself] are obvious. He [or she] who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an “advocate” for or to assist and guide the pro se laytperson] through the trial thicket.
United States v. Pinkey, 548 F.2d 305, 311 (10th Cir.1977) (citations omitted).
The Court remains vigilant in its efforts to offer an acceptable degree of guidance to pro se litigants. The Court remains mindful that “the Ho-Chunk Court System was specifically designed to be more open to people representing themselves,” but the Court has achieved this openness through an equitable application of the rules to all parties. Lang, CV 98-46 at 9. The Supreme Court now appears to require that the Court abandon this practice in favor of more direct assistance to pro se litigants. This directive appears all the more troubling since it directly conflicts with ten (10) years of case law, including binding precedent, without any discussion explaining or justifying the grounds for the departure.
In early-1997, former President Chloris A. Lowe, Jr., with assistance of counsel, filed an initial pleading and motion for a temporaTy restraining order, seeking an injunction against an allegedly improper removal from his office by the Ho-Chunk Nation General Council. Chloris A. Loire, Jr. v. Ho-Chunk Nation et al., CV 97-12 (HCN Tr. Ct., Mar. 21, 1997), aff'd, SU 97-01 (HCN S.Ct., June 12, 1997). Within the pleading, and not an attachment, the plaintiff noted “[t]hat the appointment of [Vice President Byron C.] Thundercloud as Acting President is a direct violation of the Ho-Chunk Constitution and said Acting President has no lawful authority to act or perform functions in that capacity.”[6] Compl. CV 97-12 (Jan. 20, 1997) at 2. Yet, the plaintiff failed to specifically name former Vice President Thundercloud as a party defendant.
The Court, former Chief Judge Mark D. Butterfield presiding, determined that the plaintiffs failure proved fatal to his cause of action. Following a preliminary injunction hearing, the Court entered its decision and denied the plaintiffs request for relief because the named governmental defendants enjoyed sovereign immunity from suit. Lowe, CV 97-12 at 13—14; but see Gail White v. Dep't of Pers. et al., CV 95-17 (HCN Tr. Ct., Mar. 18, 1996). Curiously, the Court notes the following:
[o]ne exception to the sovereign immunity bar is where officials of the Ho-Chunk Nation act beyond the scope of their authority. See HCN Constitution Art. XII, § 2. If they do so, they may be subject to suit in equity for declaratory and non-monetary injunctive relief in Tribal Court by persons subject to its jurisdiction for purposes of enforcing rights and duties established by the constitution or other applicable laws. Id. Mr. Lowe alleges that the Legislature replaced him with an acting President who is less than 35 years old and is ineligible to hold the office of President. *384 See Complaint at ¶ 8. This construed in the light most favorable to Mr. Lowe is an allegation of some action by an official in excess of their authority. Mr. Lowe’s suit, as to this aspect of his case, would get past the bar of sovereign immunity if he specified the individuals who allegedly acted outside of their authority. The problem is he does not name them and they are not defendants in this suit.
Id. at 14 (emphasis added).
On appeal, the Supreme Court expressly acknowledged the charge against former Vice President Thundercloud, but upheld the dismissal of the action. Lowe, SU 97-01 at 1. The Supreme Court simply concluded that “Appellant Lowe did not sue any individuals for acting outside of the scope of their authority,” and citing the procedural rule regarding the naming of governmental parties, explained that “[t]he record is clear that the Complaint filed in this section did not comply with the requirements of HCN R. Civ. P. Rule 27(B).” Id. at 3 n. 1. The Supreme Court later revisited its holding, declaring:
[i]t is necessary for the courts to know which individuals are being sued so that the trier of fact may assess whether or not that specific individual has acted outside the scope of their authority or not. Suits based upon the legal argument that someone has acted outside of their authority specifically name the iudivid-ual(s).
Id. at 4 (citations omitted) (emphasis added).
In the instant case, “[t]he record is [also] clear that the Complaint did not comply with the requirements of HCN R. Civ. P. Rule 27(B).” Id. at 3 n. 1 (emphasis added). Regardless, the Supreme Court deems that while plaintiff Lowe’s case should have been dismissed at a motion hearing, plaintiff Wilson’s case should survive trial.[7] The only “meaningful” distinction: the former plaintiff had legal representation and the latter did not,[8]
Unfortunately, the Court has never deemed this distinction meaningful after Lowe, and its reliance upon this precedent governed the result in the case at bar and other similar cases. The U.S. Supreme Court has confirmed that a litigant “does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a pro se [litigant] that would normally be attended to by trained counsel as a matter of course.” McKaskle v. Wiggins, 465 U.S. 168, 183-84, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). The Ninth Circuit is in full accord: “pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record .... it is not for the trial court to inject itself into the adversary process on behalf of one class of litigant.” Jacob-sen, 790 F.2d at 1364-65.
The Court believes that significant equal protection concerns are implicated if the *385 Judiciary adopts a practice whereby it dismisses causes of action against one class of plaintiffs, but rescues another from the same fate through activist steps. See Const., Art. X, § 1(a)(8). In the instant case, the plaintiff received notice of her pleading defect. The defendant informed the plaintiff in its responsive pleading that she “fail[ed] to state a claim for which relief can be granted relative to her claim of negligence by former supervisor Dan Sine, because Dan Sine ... [is] not named as [a] Defendant] in this action.” Def.’s Answer at 5. The Court cannot discern any ambiguity in the asserted defense. The defendant essentially provided the plaintiff with clear guidance as to how to amend her pleading, but the plaintiff chose not to do so prior to the amendment to pleadings deadline. The defendant’s “direction” should not prove counterintuitive to a layperson, but the Supreme Court nonetheless criticized the Trial Court for neglecting to further persuade the plaintiff.[9]
At this juncture, the Court deems it advisable to quote the directly relevant federal rule since the Supreme Court has demonstrated a penchant for doing so.
A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person’s absence complete relief cannot be accorded among those already parties.... If the person has not been so joined, the court shall order that the person be made a party.
Fed.R.Civ.P. 19(a). The necessary party rule does not distinguish between pro se and represented litigants, and the Supreme Court has adopted an equivalent rule for use in the Trial Court. The tribal rule provides: “[t]o the greatest extent possible, all persons with an interest will be joined in an action if relief cannot be accorded among the current parties without that person.” HCN R. Civ. P. 24.
Interestingly, the Supreme Court casts the issue as one concerning amendment to pleadings as opposed to one of joinder, which would admittedly require a slight amendment, but appear vastly more appropriate. However, the result in Lowe could not be easily justified had the Court employed federal principles of joinder. Former Vice President Thundercloud, much like Mr. Sine, would not have proven an indispensable party, and courts typically do not dismiss causes of action if a necessary party can be joined in an action.[10] The Court, therefore, assumed that the ruling in Lowe focused upon a reluctance to actively assist a plaintiff in presenting a constitutional claim. The recent Supreme Court decision easts this assumption in doubt.
Nevertheless, the Court will abide by appellate instruction and determine whether “[t]he pleading caption mmj be amended to conform to the actual findings *386 in the case including those officials who were alleged by the appellant to have acted outside the scope of their authority,” Decision at 6, The plaintiff portrayed Mr. Sine as negligent for “faillingj to advise ... of - right to a hearing before the Grievance Review Board.” CompL, Attach. 1 at 1. The Court shall liberally construe the plaintiffs pleading, which legitimately includes this attachment prepared in conjunction with and incorporated into the Complaint. The Court does so in light of the additional findings of fact.
The Court cannot reasonably intuit that the plaintiff intended to name Mr. Sine as a party defendant. First, the Court and the parties understood that the matter could still progress through the Grievance Review Board, which existed at the time of the Scheduling Conference. Second, the plaintiff did not pursue the allegation of negligence against Mr. Sine at trial in any way, shape or form. Finally, the plaintiff did not portray Mr. Sine as acting outside the scope of his authority at trial, but rather that she could expect his willing cooperation.
BASED UPON THE FOREGOING, the Court holds that the plaintiff did not implicitly name Mr. Sine as a defendant, and reasserts its dismissal given Supreme Court precedent on the issue of joinder. The Court hopes that neither the appellate tribunal nor the parties perceive any obstinacy or disrespect within this decision. The breadth and depth of the opinion should illustrate the Court’s legitimate concerns with the issues involved herein.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Cir. P. 58, Amendment to or Relief fmm Judgment or Order. Otherwise, “|a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter I ION R.App. I’./, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P., 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from-such judgment-or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.J” HCN R. C iv. P. 61.

. The Supreme Court alludes to employees within the Ho-C-hunk Nation Department of Personnel who may have provided inaccurate guidance concerning the transfer of annual leave policy. Decision at 5-6 (citing Compl., Attach. 2): see also ERA, § 5.18c. To reiterate, the plaintiff did not prepare the Grievance, which serves as the present equivalent of the former Level 1-3 Employee Grievance Fomi(s), in conjunction with the pleading. The plaintiff instead prepared the Grievance for purposes of the Administrative Review Process. See ERA, § 5.34. Yet, the Supreme Court quite remarkably suggests that the Trial Court infer whether the plaintiff intended to name those individuals “named" in an attachment as parties to her case. Decision at 5-6, The authority cited for this proposition is HCN R. Civ. P. 2. Id. at 5.

. The Court now routinely enters a judgment entitled, Order (Motion Hearing), when a motion is filed against represented and pro se litigants, which informs the non-movant of applicable legal standards and the date, time and location of a motion hearing. See, e.g., HCN Hous. & Cmty. Dev. Agency v. Margaret Hoffman, CV 06-08 (HCN Tr. Ct., June 2, 2006). The Court has adopted a practice of providing litigants unfamiliar with the motion process notice and a hearing. See Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982); Madyun v. Thompson, 657 F.2d 868 (7th Cir.1981) (deeming summary judgment as counterintui-tive to a layperson); but see Jacobsen v. Filler, 790 F.2d 1362 (9th Cir.1986) (contending that a trial court providing a greater degree of assistance to pro se litigants impermissibly discriminates against opposing represented parties and erodes the court’s impartiality).

. Former Associate Judge Joan F. Greendeer-Lee revealed her apprehension as follows: “[t]he dilemma this Court is confronted with is an argument that a pro se litigant, who has little or no knowledge of the law, is unable to gain equitable relief because she failed to identify the proper party to a suit.” Id. at 3. The defendant argued that the pro se plaintiff failed to name the Ho-Chunk Nation, which *382 proved an indispensable party, not merely necessary, due to the absence of a waiver of sovereign immunity. The defendant's argument, however, was flawed, and the Court’s reliance upon it, misplaced, since the plaintiff only sought equitable relief and named the appropriate defendant. See Const., Art. XII, § 2. Ultimately, the Court dismissed the action on alternative grounds, making the pro se discussion not only incorrect but irrelevant.

. The United States Supreme Court (hereinafter U.S. Supreme Court) has long recognized, "|a|s must generally be the case, fthat] the trial judge [cannotl effectively discharge the roles of both judge and ...counsel,'' Carnley v. Cochran, 369 U.S. 506, 510, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The U.S. Supreme Court delivered such remarks against a recognition that ‘‘[ejven the intelligent and educated laylperson] has small and sometimes no skill m the science of law.... If that be true of [people] of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect.” Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Other federal courts have echoed this basic sentiment. For example, the Seventh Circuit has expressed that "the best laylperson] is likely to try a case more ineptly than the worst lawyer.” United States v. Pavich, 568 F.2d 33, 39 (7th Cir.1978).

. To reiterate, the Court already affords the allowable protections to pro se litigants. Supra pp. 381-82.

. The Court maintains constitutional authority to grant injunctive relief, and a deposed President would logically seek such relief against a President pro tempore in these instances. Const., Arts. VII, § 6(a), XII, § 2; see also George Lewis v. HCN Election Bd. et al., CV-06-109, 2006 WL 5891105, 6 Am. Tribal Law 354 (HCN Tr. Ct., Dec. 5, 2006), appeal filed, SU 06-07.

. A plaintiff bears the burden of proof at trial, and, pro se or otherwise, would not typically be entitled to any presumptions on his or her behalf. See, e.g., Joseph D. Ermenc v. HCN Whitetail Crossing, CV 01-88 (HCN Tr. Ct., Sept. 11, 2003) at 6. Alternatively, a Court will usually grant favorable inferences to a non-movant in relation to the content of his or her pleading at a motion hearing. Lowe, CV 97-12 at 14; see also Hughes v. Rowe, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

. One may argue that a represented party maintains potential recourse against his or her counsel for malpractice, but any such redress would not adequately compensate a party for being deprived of a ruling on the merits, especially if the plaintiff sought only equitable relief. ,

. The Supreme Court does not indicate when the Trial Court should assist a pro se plaintiff in overcoming the defenses levied by a presumably represented defendant or if its decision only extends to the defense of a failure to name a necessary party. The present defendant did not file a motion to dismiss, so the Court only held two (2) proceedings prior to trial, the Scheduling and Pre-Trial Conferences. As a rule, the Court refrains from discussing the substantive merits of a case at the scheduling conference, and the applicable rule would not permit an amendment to an initial pleading at a pre-trial conference usually held within thirty (30) days of trial. HCN R.Civ. P. 21., .

. A dismissal ‘‘will only be granted where the party is 'indispensable' (not merely ‘necessary’) and the party cannot be joined.” United States v. White, 893 F.Supp. 1423, 1428 (C.D.Cal.1995) (citing Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir.1992)).