ORDER (Dismissal)
TODD R. MATHA, Chief Judge.
On February 17, 2011, the plaintiff, Sandra E. Decorah, proceeding pro se, filed her initial pleading, consisting of the judicially devised boilerplate form and eleven (11) pages of additional text. Compl., CV 11-18 (Feb. 17, 2011). The defendants, by and through Ho-Chunk Nation Department of Justice Attorney Michelle M. Greendeer, filed a timely responsive pleading. Def’s Answer, CV 11-13 (Mar. 7, 2011). A dispositive motion permissibly accompanied the answer. Def’s Mot to Dismiss, CV 11-13 (Mar. 7, 2011); see also Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 19(A).[1]
The latter filing prompted the Court’s entry of its previous order, which it directed to the parties at their addresses of record. Order (Mot.Hr’g), CV 11-13 (HCN Tr. Ct., Mar. 11, 2011); see also HCN R. Civ. P. 5(C)(3). The Court simultaneously mailed Notice(s) of Hearing to the parties, informing them of the date, time and location of the Motion, Hearing. However, the plaintiff failed to appear at the Hearing, despite receipt of proper notice. The Court accordingly dismissed the suit on the basis of her non-appearance. HCN R. Civ. P. 44(C).
At the Motion Hearing, the defendants also requested that the Court deem the plaintiffs filing a frivolous law suit,[2] and thereby award them costs, including attorney’s fees. Id., Rule 16(A), 53. “The Court may impose sanctions if it finds statements in a pleading are not made in good faith, contain intentional misstatements, or are not based upon adequate research or investigation.” Id., Rule 16(A) (emphasis added). The Court denies the motion for several reasons. First, the ini *455 tial pleading is admittedly a rather sprawling document, but the defendants chose not to file a motion for a more definite statement. Id., Rule 19(A). Second, apart from a generalized assertion, the defendants did not attempt to demonstrate the above-stated deficiencies. Id., Rule 16(A). Third, the initial pleading does contain some genuine questions of law that have not previously been litigated, e.g., the retroactive/prospective application of a constitutional amendment. Compl., Attach. 2 at 6 (citing HCN CONST., amend. V). Finally, the Court maintains discretion whether to grant the motion,[3] and it declines to impose sanctions against a pro se litigant whom it perceives honestly attempted to present several matters for judicial review.[4]

. Parties may obtain a copy of the HCN R. Civ. P. by phoning the Court at (800) 434-4070 or (715) 284-2722 or by visiting the Judiciary’s website at www.ho-chunknation. com/?PageID= 123.

. A party may present an oral motion in open court. HCN R. Civ. P. 18.

. As expressed by the Ninth Circuit Court of Appeals:
‘'[Discretion" is defined as: "The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court.” Bou vier's Law Dictionary 884 (8th ed.1914). Judicial action—discretionary in that sense— is said to be final and cannot be set aside on appeal except when there is an abuse of discretion,
Delno v. Market St. Ry. Co., 124 F.2d 965, 967 (9th Cir. 1942). In this regard, the Ho-Chunk Nation Supreme Court has adopted the following definition of abuse of discretion: " 'any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted.’ ” Daniel Youngthunder, Sr. v. Jonette Pettibone et al., SU 00-05, —— Am. Tribal Law -, —-- (HCN S.Ct., July 28, 2000) at 2 (quoting Black's Law Dictionary 11 (6th ed. 19.90)).

. The Court has remarked on several occasions that it has adopted "a general policy of encouraging and accommodating pro se representation.” Melinda A. Lee v. Majestic Pines Casino, Mktg. Dep't, CV 99-91,-Am. Tribal Law ——,-(HCN Tr. Ct., Apr. 3, 2000) at 1 (citing Helen Harden v. ICW/CFS, CV 99-69, 2 Am. Tribal Law 270, 274 (HCN Tr. Ct.2000)).